[Crim. No. 1441.   Third Appellate District.—August 3, 1935.]

THE PEOPLE, Respondent, v. FRED FLOTH, Appellant.

Fred Floth, *in pro. per.*, and H. W. McGowan for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was charged with four violations of section 476 of the Penal Code (issuing fictitious checks with intent to defraud) and was also charged with two prior convictions, both for forgery, for which the defendant served terms of imprisonment in the state prison. Upon arraignment appellant admitted the prior convictions. He was found guilty by a jury of the four violations of section 476 of the Penal Code and was accordingly sentenced and adjudged an habitual criminal.

Appellant does not attack the conviction on the charges brought under section 476 of the Penal Code, but does attack the judgment only in so far as it adjudges him to be an habitual criminal. He claims section 644 of the Penal Code governing habitual criminals and their punishment is unconstitutional in that it denied him equal protection of the law as secured to him under the fourteenth amendment to the Constitution of the United States and section 21 of article I of the state Constitution. His argument is that the classification of crimes set forth in section 644 of the Penal Code is arbitrary in that he is penalized because of the

chronological order of the commission of the crimes and not because of the crimes themselves. In other words, he contends that if he had been previously convicted of issuing fictitious checks (a felony not enumerated in section 644) and had been subsequently convicted of a forgery he could not be adjudged an habitual criminal. This is undoubtedly true, but such power lies within the discretion of the legislature, and it is for it to determine what the interests of the public require and what measures are necessary for the protection of such interests. (*In re Rosencrantz*, 205 Cal. 534 [271 Pac. 902].) In that case it was held that section 644 of the Penal Code did not violate either the eighth amendment of the federal Constitution nor section 6 nor section 11 of article I of the state Constitution. The court there further said that a wide discretion was vested in the legislature to determine what measures were necessary for the protection of the interests of the public and that section 644 of the Penal Code could not be said to go beyond reason and the imprisonment imposed thereby was not illegal. In *People* v. *Coleman*, 145 Cal. 609 [79 Pac. 283], is cited numerous authorities from the Supreme Court of the United States and decisions from other states, holding that the increased punishment for an habitual criminal is not violative of any constitutional provision, either state or federal. ██ The increased punishment is not for the prior conviction, but solely for the aggravation of a second offense which merits a greater punishment. Where the defendant is arraigned and tried in the same manner as any other defendant who has suffered a previous conviction is arraigned and tried he is not discriminated against or deprived of due process of law.

The judgment and the order are affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1935.