[Crim. No. 3185.   First Dist., Div. Two.   Dec. 13, 1955.]

THE PEOPLE, Respondent, v. WILHELM JACOB MUHLENBROICH, Appellant.

Wilhelm Jacob Muhlenbroich, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

KAUFMAN, J.—This is an appeal from an order denying a writ of *coram nobis*.

Appellant, William Jacob Muhlenbroich, was indicted by the grand jury of the county of San Mateo on September 27, 1940, for violation of Penal Code, section 209, in that on September 20, 1940, he had kidnapped for ransom one Marc de Tristan.

Upon arraignment, appellant indicating that he desired the assistance of counsel, the court appointed Joseph J. Bullock and Joseph F. O'Malley to represent him.  On the following day appellant pleaded guilty to the charge in the

indictment. On October 4, 1940, he was asked by the court if he had any legal cause to show why judgment should not be pronounced against him, and he replied that he had none. He was then sentenced to the California State Prison at San Quentin for the term prescribed by law.

On June 24, 1955, nearly 15 years later, appellant filed an application for the issuance of a writ of *coram nobis,* alleging that at the time of his conviction he was not well versed in the language of procedure in this country; that he was handicapped by partial deafness; that he did not understand the actions and statement of the trial court; that his attorneys assured him that if he would plead guilty they would try to arrange with the district attorney for the lightest punishment possible; that the district attorney later returned with appellant's attorneys and stated that he would recommend leniency because the kidnapped child was returned unharmed; that appellant was frightened because of public opinion against him, and hence entered the guilty plea. Further, he asserts, that no one advised him of the consequences of such a plea; that his counsel in conspiracy with the district attorney agreed to leniency and a short term of confinement which amounted to fraud denying him an opportunity of defense, effective aid of counsel and the right to trial by jury.

A statement of appellant on October 3, 1940, given to Louis Dematteis, Chief Deputy District Attorney of San Mateo County, at the county jail in Redwood City, in which appellant was carefully interrogated at length, demonstates that he was very well versed in the English language. When asked if he had any impairment, he answered that he was a little hard of hearing, "slightly, but not much." "Q. There is nothing very serious? A. No, if you speak in a normal tone of voice I can hear." The court was therefore justified in concluding that appellant was fully aware of and understood all of the proceedings leading up to his conviction.

Appellant emphasizes that he pleaded guilty of section 209, Penal Code, capital offense, which provides for the death penalty or punishment by imprisonment without possibility of parole. That is the punishment provided for if the victim suffers bodily harm. However, the indictment herein charged appellant with kidnapping for ransom, and did not charge bodily harm. In the proceedings on sentence, the district attorney asked to have incorporated in the record that the kidnapped child had been returned without suffering bodily injury. The court stated that such report would go forward

with the commitment to the authorities at San Quentin. Section 209, Penal Code, clearly provides that the punishment for kidnapping for ransom without bodily harm is life imprisonment *with* possibility of parole, and appellant herein was sentenced ''for the term and time fixed by law.''

Nearly 15 years have elapsed since the occurrence of the proceedings during which appellant complains that he was deprived of substantial rights. The court in his memorandum decision noted that the prosecutor, the trial judge and one of the defense attorneys are now deceased. The court was therefore fully justified in denying this petition on the basis of the unexplained delay in seeking this form of relief. In *People* v. *Martinez,* 88 Cal.App.2d 767, 773 [199 P.2d 375], it was said that such a writ must be applied for within a reasonable time, that diligence is required, and that ''a convicted person is not permitted to allow years to pass during which witnesses die, disappear or forget, and his own imagination grows and expands.'' In *People* v. *O'Connor,* 114 Cal. App.2d 723 [251 P.2d 64], a delay of nearly 29 months was held to be sufficient ground for denial of the writ. In *People* v. *Smith,* 108 Cal.App.2d 696, 699 [239 P.2d 466], it was said that without an explanation of a seven-year delay, the petition failed to state a cause of action. In *People* v. *Short,* 32 Cal.2d 502 [197 P.2d 330], it was held that an applicant for such a writ must show that ''the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has no ground for relief.''

The trial court herein was not required to accept as true the allegations of the petition unsupported by affidavits or other evidence, even though the petition is verified and uncontradicted. (*People* v. *Martinelli,* 118 Cal.App.2d 94 [257 P.2d 37].)

The granting of a writ of *coram nobis* is a discretionary matter and no showing has been made herein of an abuse of discretion. (See *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524].)

The order denying the writ must therefore be affirmed.
Order affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied December 28, 1955, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1956.