[Crim. No. 5661. Second Dist., Div. One. Jan. 10, 1957.]

THE PEOPLE, Respondent, v. JOHN E. O'MALLEY, Appellant.

478

John E. O'Malley, in pro. per., for Appellant.

No appearance for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was accused in Count I of the crime of petty theft with a prior conviction of a felony, to wit, issuing checks without sufficient funds (Pen. Code, § 667). The information charged the unlawful taking by defendant of the sum of $12 from Mr. and Mrs. Emerson Young, and that prior to the commission of the offenses therein set forth, defendant was convicted in the Superior Court of Los Angeles County of the crime of issuing check without sufficient funds. That judgment thereon was pronounced May 29, 1931, pursuant to which defendant served a term of imprisonment in Folsom State Prison. The information also contained five additional counts charging burglary (Count II); petty theft with a prior conviction of felony (Count III); burglary (Count IV); petty theft with a prior conviction of felony (Count V); and burglary (Count VI). It was also charged that before the commission of the foregoing offenses, defendant was convicted in the Superior Court of the County of Los Angeles of the crime of forgery, a felony. That judgment thereon was pronounced against defendant on February 1, 1923, pursuant to which he served a term of imprisonment in the state prison.

Defendant pleaded not guilty as to the offenses charged in all six counts of the information and denied the alleged prior convictions.

Following trial before the court sitting without a jury, defendant was found guilty of the offense charged in Count I, and not guilty on Counts II, III, IV, V, and VI. On motion

of the district attorney the prior conviction of the crime of forgery upon which judgment was pronounced on February 1, 1923, was ordered stricken. From the judgment of conviction on Count I, defendant prosecutes this appeal.

Since the only ground urged for a reversal of the judgment presents a question of law it becomes unnecessary to set forth the factual background surrounding this prosecution.

When appellant received the formal and usual notice that the record on appeal had been lodged in this court and advising him of the time within which he should file his opening brief, he wrote to this court requesting that a document which he denominated "Petition Submitted in My Appeal" be considered "as my charges and the basis of my appeal." In said communication he also requested that this court appoint counsel to represent him on appeal, stating that he was without funds or property with which to employ an attorney. Pursuant to such request this court appointed a member of the Bar to represent appellant. Appointed counsel, after an examination of the record, advised this court that he "could find no meritorious ground upon which to present a brief on appeal."

We have therefore, painstakingly examined the record on appeal and find ourselves in accord with the conclusion reached by appointed counsel that appellant's contentions made in the foregoing "Petition" cannot be sustained.

As a first ground for reversal of the judgment appellant contends that the prior conviction which the trial court ordered stricken was the same prior conviction charged in Count I of the information in connection with the charge of petty theft, thereby reducing the offense therein charged to a misdemeanor (petty theft), and that the court therefore, erroneously adjudged appellant guilty of petty theft with a prior felony conviction, a felony.

Recourse to the record however, does not sustain appellant in his contention, because it reveals that the prior conviction of a felony charged in Count I was conviction of issuing checks without sufficient funds in 1931. Documentary evidence of this conviction of a prior felony was introduced by the plaintiff. (People's Exhibit No. 1.) The prior conviction which was stricken was the conviction of the crime of forgery, a felony, on or about the 1st day of February, 1923, and was a different and separate prior from the one alleged as part of the substantive crime in Count I. Hence, it appears from the record and exhibits that the prior conviction which

the court ordered stricken was the prior that was alleged under the provisions of Penal Code, section 3024—to increase the time of appellant's imprisonment, and was a separate and distinct prior from that which was alleged as part of the substantive crime in Count I. Such prior would not increase the time of imprisonment where the charge was petty theft with a prior conviction, which was evidently what the district attorney had in mind when he moved to dismiss the prior conviction of forgery, judgment on which was rendered February 1, 1923 (see *In re Boatwright,* 216 Cal. 677, 682, 683 [15 P.2d 755]).

Finally, appellant contends that his counsel, the public defender, failed to subpoena certain witnesses when requested so to do by appellant. We find nothing in the record to support this contention, and our examination of the record on appeal reveals that appellant's counsel handled his defense both ably and energetically.

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Fourt, J., concurred.