[Crim. No. 3321. First Dist., Div. Two. Apr. 16, 1957.]

THE PEOPLE, Respondent, v. DAVE R. MILLWOOD, Appellant.

Dave Millwood, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DRAPER, J.—In 1942, defendant-petitioner was charged with the crime of armed robbery. The information was later amended to charge him with three prior convictions. Originally he pleaded guilty, but was permitted to change his plea to not guilty. When advised that he was charged with three prior convictions, he refused to admit or deny them, asserting that he was entitled to plead double jeopardy as to the priors. The trial court, pursuant to Penal Code, section 1025, directed entry of denial of the priors. The case was tried by a jury, defendant was convicted and it was found that he had suffered the prior convictions as charged. More than 14 years after his trial, he petitioned the superior court for writ of error *coram nobis*. That petition was denied, and petitioner appeals.

The petition and the briefs in support of it are long and rambling. It appears, however, that petitioner's principal contention is that the habitual criminal statute (Pen. Code, § 644) is unconstitutional in that it subjects a defendant to a second punishment for the prior offenses charged, and that his offered plea of former jeopardy as to the priors should have been received. But the statute does not subject a defendant to double jeopardy, and is constitutional (*In re Rosencrantz*, 205 Cal. 534 [271 P. 902]; *People* v. *Dunlop*, 102 Cal. App.2d 314, 316-317 [227 P.2d 281]; *People* v. *Floth*, 8 Cal. App.2d 600 [47 P.2d 817]). Since the plea of former jeopardy is not an answer to the charge of prior convictions,

there can be no complaint of the trial court's failure to enter such a plea. ■ Appellant complains also that the information did not specifically charge him with being an ''habitual criminal,'' and thus did not notify him fully of the charge against him. This contention, too, has been disposed of adversely to his view (*People* v. *Dunlop, supra,* 102 Cal.App.2d 314, 316).

■ Appellant also contends that he was arrested in Nevada, was ''kidnapped'' and brought to California for trial without proper extradition proceedings. But this is no ground for relief after his conviction in a fair trial here (*Pettibone* v. *Nichols,* 203 U.S. 192 at 206 et seq. [27 S.Ct. 111, 51 L.Ed. 143] ; and see cases collected at 22 C.J.S. 242).

We have sought diligently to discover the assertions of error in appellant's confusing petition and briefs, and to treat them upon the merits. However, as to any points which we may not have properly understood, as well as to the contentions already discussed, other principles of law establish that appellant is entitled to no relief. ■ *Coram nobis* will not lie to review issues known to a defendant at time of trial, and which could have been raised on appeal (*People* v. *Shorts,* 32 Cal.2d 502 [197 P.2d 330] ; *People* v. *McConnell,* 20 Cal.App.2d 196 [66 P.2d 720] ). ■ One seeking this writ must show diligence, and the lapse of over 14 years from conviction to petition for writ warrants denial (*People* v. *Muhlenbroich,* 137 Cal.App.2d 745 [291 P.2d 45] ). ■ Appellant suggests that his petition be treated as one for writ of habeas corpus, if *coram nobis* is not available to him. But admittedly he is imprisoned outside the city and county of San Francisco, where his petition was filed. Jurisdiction in habeas corpus proceedings lies only in the county of confinement (*Carrara* v. *Superior Court,* 113 Cal.App.2d 823 [248 P.2d 954] ).

Order denying writ affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1957.