[Crim. No. 3516.   First Dist., Div. Two.   Nov. 17, 1958.]

THE PEOPLE, Respondent, v. MATTHEW JACKSON, Appellant.

Albert E. Gately, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda), and D. Lowell Jensen, Deputy District Attorney, for Respondent.

KAUFMAN, P. J.—On November 26, 1954, the district attorney of Alameda County, by information charged the appellant with two counts of robbery. On December 9, 1954, appellant was arraigned and entered pleas of not guilty to both counts. Appellant was then briefly transferred to San Francisco County for trial on a forgery charge and then retransferred to Alameda County. On January 10, 1955, at the request of the appellant and his counsel, the court granted a continuance until February 2, 1955. The trial began on March 19, 1955. On March 21, 1955, the jury found the appellant guilty on both counts and fixed the degree of the offense as robbery in the first degree. Judgment was rendered on March 23, 1955, and appellant was sentenced to the state prison for the term prescribed by law. No appeal from this judgment was taken. On January 3, 1958, appellant filed his petition for a writ of error *coram nobis*. The petition alleged (1) that appellant was denied his constitutional rights because he was transferred between judicial districts and the resulting delay of his trial for robbery; (2) that the evidence was insufficient to support the verdict of robbery in the first degree. Appellant's petition was denied on February 6, 1958.

Appellant's sole contention on appeal is that the trial court was guilty of an abuse of discretion in denying his petition for a writ of error *coram nobis*. We can find no abuse of discretion. ■ The purpose of the writ of error *coram nobis* is to bring to the attention of the court such facts as existed at the time of trial that would have constituted a valid defense, but which, without negligence on the part of the defendant were not presented either through duress, fear, or excusable mistake, and which do not appear in the record. (*People* v. *Cole*, 152 Cal.App.2d 71 [312 P.2d 701].) The appellant has not established by a preponderance of credible evidence that he was deprived of substantial legal rights by extrinsic causes. Rather, having failed to appeal from the judgment of conviction, the appellant is attempting to use

the writ to review matters which could have been raised on appeal. (*People* v. *Millwood*, 150 Cal.App.2d 154 [309 P. 2d 495].)

The record clearly indicates that appellant waived Penal Code, section 1382. (*People* v. *Workman*, 121 Cal.App.2d 533 [263 P.2d 458].) ▮ As stated in *People* v. *Martinelli*, 118 Cal.App.2d 94 at page 97 [257 P.2d 37] : "Even if the provisions of section 1382 of the Penal Code had been violated, it is very doubtful if such point can be raised on a writ of error *coram nobis*. Obviously, if error existed, appellant knew it at the trial and hence he could have raised the point on a motion for a new trial and upon appeal. (*People* v. *Bronaugh*, 100 Cal.App.2d 220 [223 P.2d 256].) It would seem to be too late to raise it now." ▮ In the same case, the court pointed out that a claim of insufficiency of the evidence cannot be passed upon in an appeal from the denial of a writ of error *coram nobis*. Petitioner's claim of illegal sentence is based on his Notice of Legal Status, dated May 6, 1955, which states "weapon, gun not proved." Aside from the strong presumption in favor of the judgment, the record before us indicates that the jury found the appellant guilty of robbery in the first degree. ▮ There is also no explanation of appellant's delay in presenting his petition for the writ. (*People* v. *Mason*, 163 Cal.App.2d 630 [329 P.2d 614] ; *People* v. *Price*, 162 Cal.App.2d 196 [328 P.2d 467].)

In view of the foregoing, we conclude that the petition for a writ of error *coram nobis* is without merit and must be denied.

Order denying petition for a writ of error *coram nobis* is affirmed.

Draper, J., and Martinelli, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.