[Crim. No. 6199.   Second Dist., Div. Two.   Nov. 18, 1958.]

THE PEOPLE, Respondent, v. JOSH McDANIELS, Appellant.

Josh McDaniels, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOX, P. J.—By an amended information, defendant was charged with the crime of "petty theft with a prior conviction of a felony, to wit, forgery of fictitious name, in violation of Section 667,[1] Penal Code of California, a felony . . ." Then follows a statement of the facts constituting the theft and the time and place of defendant's prior conviction of "forgery of fictitious name, a felony," and the fact that he served time therefor in the state prison. It was also alleged that defendant had suffered another prior conviction in Illinois for larceny, for which he had served a term in the penitentiary. Defendant was represented by James S. Fitzpatrick, Esq. Upon arraignment, with counsel present, defendant entered a plea of guilty to "the crime of petty theft with a prior conviction of a felony." Probation was denied and defendant was sentenced to state prison. No finding was made as to any prior conviction.

Defendant argues that since the court did not make a finding that either alleged prior conviction was true, and since he did not admit either of them, he was improperly sentenced to the state prison for a felony; that he should have been sentenced at most, to the county jail for a misdemeanor—petty theft. In making this argument, defendant misconceives the nature of the charge to which he pled guilty and the effect of such plea.

A plea of guilty is an admission of every element of the offense charged and is a conclusive admission of guilt. (*People* v. *Fritz,* 140 Cal.App.2d 618, 622 [295 P.2d 449]; *People* v. *Cooper,* 123 Cal.App.2d 353, 356 [266 P.2d 566].)

---

[1]Penal Code, section 667 reads: "Every person who, having been convicted of any felony either in this State or elsewhere, and having served a term therefor in any penal institution, commits petty theft after such conviction, is ·punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years."

Such a plea is the equivalent of a verdict of a jury. (*People v Williams*, 27 Cal.2d 220, 228 [163 P.2d 692].) After a plea of guilty, it is unnecessary to take any evidence on any of the elements of the crime charged. (*People v. Ryan*, 121 Cal. App.2d 651, 655 [263 P.2d 850] ; *People v. Whitton*, 112 Cal. App.2d 328, 333 [246 P.2d 60].)

The Legislature, by providing for imprisonment in the state prison, had made a violation of section 667 a felony. (See Pen. Code, § 17.)

■ Defendant was not charged merely with petty theft, which is a misdemeanor. Count three of the amended information states that the defendant is accused by the district attorney of "the crime of petty theft with a prior conviction of a felony, to wit, forgery of fictitious name, in violation of Section 667, Penal Code of California, a felony, committed as follows: . . ." Then follows a statement of the facts on which these allegations are based.[2] The prior felony conviction for forgery of a fictitious name was alleged as part of the substantive offense. (See *People v. O'Malley*, 147 Cal.App. 2d 477, 480 [305 P.2d 654] ; *People v. McKinley*, 2 Cal.2d 133, 135 [39 P.2d 411].) It is clear from the foregoing that defendant was charged with the commission of a felony.

■ To constitute the crime here charged, two elements must be alleged and established. These are (1) commission of petty theft, and (2) a prior conviction of a felony and service of a term therefor in a penal institution. By his plea of guilty, defendant admitted the facts (that he had stolen the clothing in question and that he had suffered a prior felony conviction for forgery of fictitious name for which he had served time)[3] which established these two elements, and hence his violation of section 667. Since, by his plea of guilty, defendant admitted his prior felony conviction for forgery of fictitious name, it was unnecessary for the People to present any evidence with respect thereto. It follows that it was not necessary for the court to make any finding on that question.

■ Defendant also argues that the trial court, by making no finding as to the prior conviction, in effect dismissed or struck the allegations thereof and he was therefore im-

---

[2] The prior conviction here alleged was in the Superior Court of Los Angeles County on August 7, 1951.

[3] The unworthiness of defendant's position is revealed during the course of his personal plea to the trial judge for leniency at the hearing on his application for probation. He then stated in open court: "I just came back from prison. I haven't been out 2 years."

properly sentenced to the state prison for a misdemeanor— petty theft. There is no merit whatever in this argument. Since defendant's prior felony conviction for forgery of fictitious name was charged as a part of the substantive offense under section 667 and admitted by his plea of guilty, the court was not called upon, as we pointed out above, to make any finding on that question in order to sustain defendant's conviction under that section.

Defendant contends also that his constitutional rights were violated in that he was denied due process and equal protection of the laws and that he was twice put in jeopardy for the same offenses. It has been uniformly held that statutes that provide for an increased penalty for subsequent offenses do not result in double jeopardy or cruel or unusual punishment. (*People* v. *Millwood*, 150 Cal.App.2d 154, 155 [309 P.2d 495], involving Pen. Code, § 644; *People* v. *Quiel*, 68 Cal. App.2d 674, 680 [157 P.2d 446], involving Pen. Code, § 667.) Nor do such statutes violate the due process or equal protection provisions of either the federal or state Constitutions. (*People* v. *Dutton*, 9 Cal.2d 505, 507 [71 P.2d 218]; *In re Rosencrantz*, 205 Cal. 534, 537-540 [271 P. 902]; *People* v. *Floth*, 8 Cal.App.2d 600, 602 [47 P.2d 817]; *People* v. *Stratton*, 136 Cal.App. 201, 209 [28 P.2d 695].)

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.