Wilhelm J. **MUHLENBROICH**, Appellant,

v.

Robert A. **HEINZE**, Warden, Appellee.

No. 16659.

United States Court of Appeals
Ninth Circuit.

Aug. 16, 1960.

James F. Thacher, San Francisco, Cal., for appellant.

Stanley Mosk, Atty. Gen. of California, Doris H. Maier, John F. Foran, Deputy Attys. Gen., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Appellant sought a writ of habeas corpus in the district court below. 28 U.S.C. §§ 2241, 2254. The petition was dismissed by the district court, which also refused to issue a certificate of probable cause to allow an appeal to this Court, and denied appellant the aid of an appointed attorney in the habeas corpus proceeding. This Court granted a certificate of probable cause, and permission to appeal in forma pauperis, and, as well, appointed counsel for the appeal. This Court has jurisdiction on appeal. 28 U.S.C. § 2253.

In 1940, following a plea of guilty, appellant was convicted in the state courts of California of the crime of kidnapping for ransom, and sentenced to life imprisonment. Appellant has since been incarcerated. Applications for parole were refused in 1947, and annually thereafter since 1950.

Appellant came into the courts *for the first time since his sentencing* in 1955, when he sought a writ of *coram nobis* in the San Mateo County Superior Court. The petition was denied (July 11, 1955), and the denial subsequently affirmed by the District Court of Appeal. People v. Muhlenbroich, 1955, 137 Cal.App.2d 745, 291 P.2d 45. The California Supreme Court denied a hearing, and no petition for *certiorari* was filed in the United States Supreme Court.

In 1956 appellant Muhlenbroich sought a writ of habeas corpus in the Sacramento County Superior Court. This was denied, as was a subsequent petition in the District Court of Appeal. The California Supreme Court was not petitioned for a hearing, nor was *certiorari* sought in the United States Supreme Court.

In April of 1956 appellant sought habeas corpus in the California Supreme Court. The petition was denied and *certiorari* was not applied for. In July of 1956 appellant sought the same writ in the same court and was again denied. *Certiorari* from the last decision was sought and denied. Muhlenbroich v. Heinze, Warden, 1957, 353 U.S. 951, 77 S.Ct. 862, 1 L.Ed.2d 859.

The instant petition was filed in March of 1958. The respondent Warden answered the order to show cause by filing the papers which make up the record in this case. Appellant filed a brief which has been considered as a traverse.

Petitioner alleges that following his arrest for the kidnapping of three year old Marc de Tristan he was held incommunicado and grilled continuously for four days by the F.B.I. His clothing was taken and he was given coveralls. He was not arraigned for an additional four days during which he was held in isolation and constantly guarded. There was considerable community animosity toward appellant, the extent of which was conveyed to appellant along with the information that there had been a lynching in the area some years earlier.

Appellant alleges that at the arraignment he did not hear or understand the proceedings against him, due to faulty

hearing and the fact that he was foreign born and had been in the country for but a few years. The court had, however, appointed counsel for appellant.

Appointed counsel visited appellant. He alleges that they advised a plea of guilty since the prosecution could invoke the death penalty and there was a strong chance of mob violence if appellant did not so plead. Appellant alleges that he was assured that he would receive a sentence of "short duration."

According to the petition, counsel returned that evening with the district attorney, who reiterated the possibility of mob violence, and promised a sentence of short duration in return for a plea of guilty. Appellant now alleges that he plead guilty in order to "save his life from mob violence, possible lynching and [the] death penalty, and accept a sentence of short duration."

Appellant further alleges he could not hear the proceedings in the court at the time for taking the plea, so it was arranged that appellant would give an affirmative answer whenever he was nudged by his counsel, who was to be at his side. At the hearing appellant claims to have answered in the affirmative on the prompting of his counsel, and he was sentenced to life imprisonment.

The trial judge treated the petition as raising three main issues, deafness, coercion, and conspiracy among counsel and court to effect his conviction. The court disposed of all three grounds without holding a hearing, and denied appellant's motion for appointment of counsel. The first and third grounds were disposed of by a reading of the petition and the traverse, and examination of their product in the light of the state record. The second ground was considered to have stated no grounds upon which relief might be granted.

Appellant contends in this Court that the district court erred in not granting petitioner a plenary hearing on the factual issues raised by his petition, in concluding that the circumstances alleged did not constitute denial of due process, and in denying appellant assistance of counsel.

It is clear that a federal district judge may dismiss a habeas corpus petition of a state prisoner without hearing when, as a matter of law, the facts alleged in the petition do not constitute grounds for relief in a federal court. Brown v. Allen, 1953, 344 U.S. 443, 73 S. Ct. 397, 97 L.Ed. 469; 28 U.S.C. § 2243. However, when it is not possible to dispose of the petition on purely legal grounds, the court must determine "by examination of the record whether or not a hearing would serve the ends of justice." Brown v. Allen, supra, 344 U.S. at page 464, 73 S.Ct. at page 411. While in general a prisoner is entitled to a hearing when issues of fact must be resolved, Walker v. Johnston, 1941, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, this is not necessary when a state court has already adjudicated the factual issue adversely to the petitioner. In such cases a federal district judge may rely on state court adjudication of fact, and, in his discretion, direct his inquiry only to whether the state court adjudication is without vital flaw. Thomas v. State of Arizona, 1958, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863; Brown v. Allen, supra.

The guideposts for determination of the adequacy of a state court finding must, of necessity, be vague and elastic in order to encompass the multitude of situations which may confront a district court. Mr. Justice Frankfurter, in Brown v. Allen, supra, 344 U.S. at pages 504–505, 73 S.Ct. at page 445, stated the poles thusly:

"In some cases the State court has held a hearing and rendered a decision based on specific findings of fact; there may have been a review by a higher State court which had before it the pleadings, the testimony, opinions and briefs on appeal. It certainly would make only for burdensome and useless repetition of effort if the federal courts were to rehear the facts in such cases. At the other pole is the perfunctory memo-

randum order denying a badly drawn petition and stating simply that the petitioner is not entitled to relief. The District Judge cannot give the same weight to this sort of adjudication as he does to the first; he has no basis for exercising the judgment the statute requires him to exercise."

Several of the dispositions of previous petitions by appellant in the state courts are no more than perfunctory memoranda. However, the trial court to which petitioner's *coram nobis* petition was presented did give the allegations more than perfunctory attention before making the findings upon which the district judge below relied. While petitioner was not granted a hearing on his petition in the state court, we feel that it was within the discretion of the trial court, who made a careful examination of the state record, to rely on the facts as found in the state court. In making such examination the district court is not bound by rigid rules, but must determine whether, on the facts of each case, a hearing would be in the interest of justice. We have reviewed the record before the state court and find that that record amply supports the findings based thereon which were adopted by the district court. We find no abuse of discretion.

The district court was correct in dismissing appellant's claim of coercion as not stating a ground upon which relief would be available. Essentially petitioner claims that idle rumor and gossip created such fear in petitioner as to amount to duress. On such facts no duress would be present in a constitutional sense. Cf., Thomas v. State of Arizona, supra; Miller v. Hudspeth, 10 Cir., 1949, 176 F.2d 111.

There was no error in failing to appoint counsel to aid appellant, for his petition shows he had adequate aid in the preparation of the papers he filed. No nonlegally trained mind could have prepared them. And absent unusual circumstances, the law does not require that an indigent prisoner be furnished with counsel for the purpose of attacking a state court judgment in the federal courts.

Anderson v. Heinze, 9 Cir., 1958, 258 F. 2d 479, 484; United States ex rel. Lowery v. Murphy, 2 Cir., 1957, 245 F.2d 751, 752.

Finding no error, we affirm.