[Crim. No. 8209. Second Dist., Div. One. Dec. 3, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN EUGENE BOOTH, Defendant and Appellant.

Burg & Farnham and Philip A. Burg for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—On January 17, 1961, defendant, then 20 years old, was found guilty of three counts of violating section 23101, Vehicle Code, in that he drove an automobile while under the influence of intoxicants causing bodily injury to three persons; a probation officer's report was ordered. On February 8, the trial judge denied probation and sentenced defendant to one year in the county jail on count I; on counts II and III proceedings were suspended and probation was granted for five years on certain terms and conditions, among them, that he abstain from all alcoholic beverages, obey all laws and not commit any similar offenses. After his release from the county jail, and on November 16, 1961, police found him asleep in a parked car; he was booked with being drunk in public view. Defendant admitted to his probation officer that on the night before he drank beer and drove a car while his license was suspended. Accordingly, the probation officer filed a report on November 20, 1961, and defendant was brought before the court on November 22. He was found to be in violation of probation; the public defender was appointed to represent him, and at the request of

the probation officer further proceedings were continued for four weeks, to December 20, 1961. On that date defendant was represented by the public defender; he was again found in violation of probation, probation was ordered revoked, and judgment was imposed. He was sentenced to the state prison on each of the remaining counts, the terms to run consecutively. Judgment was entered December 26; he took no appeal therefrom. However, on December 26, defendant consulted private counsel who, on December 27, moved for a stay of execution that a psychiatrist might examine defendant and a plan of treatment be presented. Extended argument cited defendant's alcoholism; in denying the motion the judge declared he felt the sentence was justified and did not intend to change his mind. Thereafter, on January 18, 1962, defendant filed a notice of motion for reinstating probation, herein denominated by him an application for writ of error *coram nobis,* noticing his intention to move to "vacate revocation of probation" and "reinstate probation." The supporting documents include a three-page affidavit wherein defendant admitted the use of intoxicants on November 15 and his operation of the automobile; a five-page psychiatric report pointing up his lengthy juvenile delinquency and alcoholic record; a 15-page document consisting of a copy of a speech entitled "D. A. McKesson's Views on Probation and Parole"; an affidavit of defendant's uncle; a newspaper account of views of Judge Robert Clifton on treatment of alcoholics; and counsel's four-page letter to the court pleading for its *"re-evaluation* of the facts." (Emphasis added.) On January 30, 1962, the motion was denied.

Defendant's appeal is solely from the order of January 30, 1962, denying motion to reinstate probation; he appeals from no other order. In his notice he declares the appeal to be from "the final judgment of [*sic*] order denying writ of Error Coram Nobis, and from order and judgment denying reinstatement of probation, rendered in this cause on the 30th day of January, 1962." While there appear to be two orders therein mentioned, appellant concedes (A.R.B., p. 3), and it is a fact, that they are one and the same. ■■■ We assume that the motion to "vacate revocation of probation" became a part of the main motion; such a proceeding is the equivalent of an application for a writ of error *coram nobis* (*People* v. *McCoy,* 115 Cal.App.2d 565 [252 P.2d 371]; *People* v. *Blair,* 146 Cal.App.2d 299 [303 P.2d 597]), and is

treated as such by appellant herein. Nevertheless, he argues at length the merits of the order revoking probation (December 20, 1961), as well as the lower court's arbitrary action in refusing to vacate the same (January 30, 1962). He claims "(T)he trial court abused its discretion in prejudicing appellant on the violation of probation alone, *revoking probation* and arbitrarily refusing to grant him a continuance, so that counsel could submit additional facts not previously available in mitigation, and a plan for rehabilitation, consisting of psychiatric treatment and hospitalization" (A.O.B., p. 12); the sentence imposed was too severe; on the motion to reinstate probation the judge arbitrarily refused to consider the above information and permit another supplemental probation report; and the matter was not referred to the probation officer prior to pronouncement of judgment (Pen. Code, § 1203). His argument consists primarily of a ponderous discussion of treatment, hospitalization and rehabilitation of alcoholics, a recital of defendant's extensive and serious juvenile delinquency and alcoholic record, an account of his conduct on November 15, 1961, (constituting an outright violation of the terms of probation) and a plea for a reversal of the lower court's order on the ground he is an alcoholic.

Appellant's opening brief follows the same general pattern of his notices of motion to reinstate probation; and the motion presented nothing to the trial judge that he did not know when he made the order revoking probation. At the time, the judge, having originally heard the case, knew the seriousness of the main offense and the severity of the bodily injuries to the three victims; having read the original probation report (February 8, 1961) he was aware of defendant's background, environment, history of drinking, and lengthy juvenile delinquency record since 1952, including numerous arrests and counselling, fines, license suspension, detention and finally, incarceration in the county jail; and from the probation report of November 20, 1961, the judge knew of defendant's admitted continued use of alcohol and other conduct violative of the terms of probation. In consideration of these matters and defendant's failure to comply with the terms of probation, the judge determined that he should be detained in a prison facility, not only for the protection of the community but for his own welfare and safety. We can hardly believe that the judge, knowing defendant's age and alcoholic background, did not first consider what could be

done to help him outside of prison, recognizing that, facing a penitentiary sentence, defendant would then be willing to agree to almost anything to remain on probation; and it is obvious, in light of defendant's background, environment, inclinations, attitudes and conduct, that he did not believe defendant would respond favorably to further probation. Moreover at no time prior to the order revoking probation did defendant ever indicate he wanted to help himself; perhaps the judge felt his subsequent plea, made through private counsel, lacked sincerity and was motivated entirely by a desire to avoid a state prison sentence. Before revocation defendant had every opportunity to present whatever he desired; he had four weeks in which to present to the court a plan for treatment; he made no effort to do so, indicated no interest in helping himself and requested no further continuance. Prior to pronouncement of judgment the court had ordered a probation report which was filed in February 1961, and had before it two probation reports—the original and the supplemental report filed November 20, 1961.

Defendant having failed to state in his motion before the lower court, or herein, any ground for relief within the scope of the writ of error *coram nobis,* there is no legal basis for appellate review; and inasmuch as this appeal cannot be construed as one from the judgment entered December 26, 1961, (not having been filed within the statutory time) or from the order revoking probation (such order not being appealable), we deem further discussion of the merits of appellant's contentions unnecessary.

While the within appeal is from the order denying motion to reinstate probation, the better part of appellant's argument is directed to the lower court's abuse of discretion in revoking probation and pronouncing judgment. Therefore, the fact that no appeal was taken from the judgment entered December 26, 1961, is pertinent on three counts. First, the statutory time for appeal therefrom having expired before the notice was filed (Cal. Rules of Court, rule 31)\*, the within appeal cannot be construed as one from the judgment *(People* v. *Englehardt,* 28 Cal.App.2d 315 [82 P.2d 489]); second, an appeal from the judgment would have permitted this court to review the validity and merits of the order revoking probation *(In re Davis,* 37 Cal.2d 872 [236 P.2d 579]; and third, although appeal from the

---

\*Formerly Rules on Appeal, rule 31.

judgment was available to defendant he did not choose to take advantage of that remedy. Thus the order revoking probation is not properly before us.

Nor can the order revoking probation be considered as before us on an appeal therefrom, as suggested by appellant (A.O.B., p. 1), for it is not an appealable order. *(People v. Robinson,* 43 Cal.2d 143 [271 P.2d 872] ; *People v. Mason,* 184 Cal.App.2d 182 [7 Cal.Rptr. 525].) Probation on counts II and III was revoked prior to the entry of judgment; probation was revoked December 20, 1961; judgment, though imposed thereafter on the same day, was not entered until December 26, 1961. Thus, the order revoking probation is not an ''order made after judgment, affecting the substantial rights of the party'' under subdivision 3, section 1237, Penal Code. And neither can the within appeal be construed under rule 31, California Rules of Court*, to permit a hearing on the merits as in *People v. Robinson,* 43 Cal.2d 143 [271 P.2d 872], and *People v. Guerrero,* 22 Cal.2d 183 [137 P.2d 21], for while the revocation of probation and the pronouncement of judgment were practically one act (although the latter was entered six days later) for the reasons hereinabove mentioned this appeal cannot be treated as one from the judgment.

Nor can the merits of appellant's contentions be reviewed on appeal from the order denying the application for writ of error *coram nobis,* for the writ does not here lie.

The function of the writ is stated in *People v. Adamson,* 34 Cal.2d 320 [210 P.2d 13], at page 326 : ''In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (See *People v. Darcy* (1947) 79 Cal.App.2d 683, 693 [180 P.2d 752] ; *People v. Martinez* (1948) 88 Cal.App.2d 767, 774 [199 P.2d 375].) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. *(People v. Gilbert* (1944) 25 Cal.2d 422, 442 [152 P.2d 657] ; *In re Lindley* (1947) 29 Cal.2d 709, 725-726 [177 P.2d 918] ; *People v. Tuthill* (1948) 32 Cal.2d 819, 821 [198 P.2d 505].)

The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not

---

*Formerly Rules on Appeal, rule 31.

in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' *(People* v. *Shorts* (1948) 32 Cal.2d 502, 513 [197 P.2d 330].) '' See also *People* v. *Banks,* 53 Cal.2d 370 [1 Cal.Rptr. 669, 348 P.2d 102].

While technically it may be said that on January 18, 1962, when defendant filed his notice of motion to reinstate probation he had no other adequate remedy, the statutory time for appeal from the judgment having expired, it appears that just prior thereto available to him was an appeal from the judgment upon which the order revoking probation could have been properly reviewed by this court. *(In re Davis,* 37 Cal.2d 872 [236 P.2d 579].) At the time the order revoking probation was made (December 20), defendant was represented by the public defender; on the day of entry of judgment (December 26) he was represented by private counsel. Instead of appealing from the judgment, defendant waited until January 18, 1962, when he applied for the writ.

A reading of the documents supporting the motion (hereinafter referred to as application for writ of error *coram nobis)* reveals no new facts but a detailed elaboration of those already known to the judge at the time the order of revocation was made; the real purpose of the application appears to be exactly as stated in counsel's supporting letter to the judge—to implore him to make a ''re-evaluation of the facts'' (p. 1), reverse his order and reinstate probation. Actually the motion was used for a lower court review of matters which could and should have been raised on appeal. *(People* v. *Jackson,* 165 Cal.App.2d 183 [331 P.2d 981]; *People* v. *Millwood,* 150 Cal.App.2d 154 [309 P.2d 495].) True the application presented an elaborate written account of defendant's alcoholism, purported facts in mitigation and his need for treatment, together with a general discussion of rehabilitation of alcoholics, but it introduced nothing the judge did not already know from the two probation reports before him when he ordered probation revoked and pronounced judgment.

To prevail in a *coram nobis* proceeding a defendant has, among other things, not only the burden of establishing that there then existed, unknown to the judge, some fact which would have prevented the rendition of the judgment or order had he known of it, but that the fact was unknown to

him (defendant) and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of filing his application *(People* v. *Cole,* 152 Cal.App.2d 71 [312 P.2d 701]; *People* v. *Flores,* 147 Cal.App.2d 243 [305 P.2d 90]; *People* v. *Jackson,* 165 Cal. App.2d 183 [331 P.2d 981].) As hereinabove pointed up, the record shows no material fact later brought to the judge's attention which he did not know at the time he made the order. And appellant has directed us to no fact existing at the time that would have prevented the judge, had he known it, from making the order; nor has he made any explanation why he did not bring the facts upon which he now relies to the judge's attention before or at the time revocation was ordered. On December 20, 1961, defendant certainly knew he was an alcoholic, and so did the public defender and the trial court, from the probation reports; they all knew he continued drinking while on probation; and they must have known that if defendant thought he could avoid a penitentiary sentence by submitting to private treatment he would be willing to do so. What did defendant present in his application that the judge did not know at the time he made the order? Further, the facts of his background, environment, alcoholism and delinquency record were all then within defendant's knowledge; and he had every opportunity to discuss them with the court, particularly in light of the four-week continuance; in his application he offered no reason to the lower court for failing to do so.

Moreover, defendant has nowhere denied, in fact throughout his application and briefs on appeal has conceded, that he violated the terms of probation by using intoxicants and driving an automobile. ▮▮▮ The supplemental probation report filed November 20, 1961, sets out the facts of violation —they were not denied; the court may revoke probation solely on the basis of the probation officer's report. *(People* v. *Mason,* 184 Cal.App.2d 182 [7 Cal.Rptr. 525]; *In re Levi,* 39 Cal.2d 41 [244 P.2d 403]; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].)

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.