496 P.2d 263

**Edward Harold SCHAD, Jr., Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 12485.**

Supreme Court of Utah.

April 19, 1972.

Salt Lake Legal Defender Assn., David P. Rhode, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

---

**346**

ELLETT, Justice:

This is an appeal from the denial of a writ of habeas corpus. The facts of this matter were set out in the decision of this court affirming appellant's conviction.[1]

In his petition for release on a writ of habeas corpus, the appellant complains of the same matters which he raised in the former appeal. Those matters which were determined on that appeal cannot again be litigated on a petition for release on habeas corpus. This court stated in Bryant v. Turner:[2]

> This proceeding is an attempt to do that which should not be done nor countenanced in our procedure: to turn habeas corpus into an appellate review. That is not its purpose, and it is not so intended. . . .

The appellant raised one matter in his petition which he did not assign as error in his former appeal, to-wit, that the district attorney exceeded the bounds of propriety in his cross-examination of the defendant (appellant herein). This is a matter which could have been raised on his former appeal and cannot now be brought before us by habeas corpus. This court so held in the case of Brown v. Turner,[3] wherein it was stated:

. . . It is not a substitute for and cannot properly be treated as a regular appellate review. It is an extraordinary remedy which is properly invocable only when the court had no jurisdiction over the person or the offense, or where the requirements of law have been so disregarded that the party is substantially and effectively denied due process of law, or where some such fact is shown that it would be unconscionable not to re-examine the conviction. If the contention of error is something which is known or should be known to the party at the time the judgment was entered, it must be reviewed in the manner and within the time permitted by regular prescribed procedure, or the judgment becomes final and is not subject to further attack, except in some such unusual circumstance as we have mentioned above. Were it otherwise, the regular rules of procedure governing appeals and the limitations of time specified therein would be rendered impotent.

While the matter is not properly before us, still we refer the interested reader to the case of People v. Hite [4] for a statement of how far the prosecuting attorney may go in cross-examining a defendant who takes the witness stand and testifies in his own behalf.

1. State v. Schad, 24 Utah 2d 255, 470 P.2d 246 (1970).

2. 19 Utah 2d 284, 286, 431 P.2d 121, 122 (1967).

3. 21 Utah 2d 96, 98, 440 P.2d 968, 969 (1968).

4. 8 Utah 461, 33 P. 254 (1893).

Habeas corpus is a civil matter, and the findings of the trial court are presumed to be proper unless the appellant can show that there is no substantial evidence to sustain them. This appellant has not shown any error in the ruling.of the court below, and, therefore, we affirm the judgment.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.