514 P.2d 809

The STATE of Utah, Plaintiff and Respondent,

v.

Thomas Devon GEE, Defendant and Appellant.

No. 13292.

Supreme Court of Utah.

Oct. 4, 1973.

Bruce C. Lubeck, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson and William T. Evans, Asst. Attys. Gen., for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from an order of the district court denying his petition for a writ of coram nobis. Defendant was convicted of the crime of first-degree murder; his conviction was affirmed by this court in State v. Gee.[1] Subsequently, defendant petitioned for a writ of coram nobis, whereupon a hearing was held, and the petition denied. At the hearing, evidence was adduced which indicated that during the course of the trial, while one of the jurors was in the women's restroom, an unidentified woman displayed a photograph, purporting to show the decedent in his coffin. The picture was not specifically shown to

---

1. 28 Utah 2d 96, 498 P.2d 662 (1972).

the juror but was displayed generally to all those present in the room. Upon realizing what was occurring, the juror immediately left the room. She testified that the incident in no way affected her deliberation as a juror and that she based her conclusion of defendant's guilt upon the evidence introduced at trial.

On appeal, defendant contends that the foregoing facts constituted a sufficient ground upon which to issue a writ of coram nobis.

 The use of the writ of coram nobis is more restricted than the writ of habeas corpus.[2] At the time the writ was in general use, there was no remedy by appeal or a motion for a new trial. Subsequently, these remedies came into existence by statutory enactment and supplanted much of the former scope of the writ.[3] The legislature has provided a remedy by a motion for a new trial for the irregularities, occurring during the course of the trial, of which defendant complains, i. e., Section 77–38–3(2), U.C.A.1953, receiving any evidence out of court or (3) jury misconduct. Thus the common-law remedy sought by defendant has been supplanted and excluded by statute. The functions of the writ of coram nobis are strictly limited to an error of fact for which the legislature has provided no remedy, for it is only when the defendant is wholly without remedy that the common law provides one. Defendant is precluded from resorting to the common law, since the legislature has provided a remedy, a motion for a new trial.[4]

 There is an additional reason that the writ may not issue: it would not have been available at common law, for coram nobis was to correct an error of fact. It neither issues to correct an error of law nor to redress an irregularity occurring at the trial, such as misconduct of the jury, court, or officer of the court, except under circumstances amounting to extrinsic fraud, which in effect deprived the petitioner of a trial on the merits.[5] The writ will be issued only where it clearly appears that the petitioner had a valid defense in the facts of the case, which, without negligence on his part, was not made because of duress, fraud, or excusable mistake, or he was prevented from asserting or enjoying some legal right through duress or fraud or excusable neglect; and these facts, not appearing on the face of the record, if timely known, would have prevented the rendition and entry of judgment.[6]

2. Sullivan v. Turner, 22 Utah 2d 85, 448 P. 2d 907 (1968).

3. People v. Reid, 195 Cal. 249, 232 P. 457, 36 A.L.R. 1435 (1924).

4. People v. Reid, note 3, supra.

5. People v. Reid, note 3, supra; 136 A.L.R. 1443, Anno: Coram nobis for matters relating to jury.

6. Kelley v. People, 120 Colo. 1, 206 P.2d 337 (1949); People v. Jackson, 165 Cal.App.2d 183, 331 P.2d 981 (1958).

Since defendant has cited no authority to the contrary, we must conclude that the writ of coram nobis is not available to correct the type of irregularity during the course of the trial of which defendant complains.

The order of the trial court is affirmed.

HENRIOD, and ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., concurs in the result.