864

Richard AINSLIE, Plaintiff and Appellant,

v.

Samuel W. SMITH, Warden, Utah State
Prison, Defendant and Respondent.

No. 13790.

Supreme Court of Utah.

Feb. 11, 1975.

Thomas A. Jones, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. He had been convicted of the crime of murder in the second degree but did not appeal therefrom. In his petition for habeas corpus, he attempted to raise the very issues which he could have brought up on appeal.

We have heretofore held that in a petition for habeas corpus one cannot raise issues which could have been determined on appeal.[1]

Mr. Ainslie was charged in the Information with murder in the first degree. Just before trial he moved the court to permit him to waive a jury and be tried to the court. The state made no objection, and the court granted the motion. At trial Mr. Ainslie was found guilty of murder in the second degree, an offense included in the charge set out in the Information. He now complains because the court granted his motion, and he contends that he could not constitutionally waive a jury trial, however much it might have been to his advantage to do so.

After Mr. Ainslie filed his brief in this matter, this court handed down its decision in the case of State v. Maguire,[2] which by unanimous decision held that a defendant charged with murder in the first degree could waive a jury and be tried to the court. That case would be determinative of the instant matter even if Mr. Ainslie had brought an appeal instead of the petition for habeas corpus.

The judgment of the trial court is sustained.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

1. Schad v. Turner, 27 Utah 2d 345, 496 P.2d 263 (1972) ; Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121 (1967).

2. Utah, 529 P.2d 421 (1974).