**Devon GEE, Plaintiff and Appellant,**

v.

**Samuel SMITH, Warden, Utah State Prison, Defendant and Respondent.**

No. 14012.

Supreme Court of Utah.

Oct. 1, 1975.

Lynn R. Brown of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

██ Plaintiff petitioned for a writ of habeas corpus on the ground that he was denied a fair and impartial trial by jury, as guaranteed by Art. I, Section 12, Constitution of Utah, and Sec. 77-1-8, Utah Code Annotated 1953. The petition was denied on the ground that no evidence was adduced that would indicate that the jury would have reached any other verdict. Plaintiff appeals therefrom.[1]

The evidence adduced at the hearing indicated that during the trial of plaintiff for the crime of first degree murder, while a juror was in the restroom, an unidentified woman displayed a photograph, which purportedly was a picture of the victim in his coffin. The picture was displayed generally to those present in the room and was not specifically shown to the juror. The juror immediately left the room. The juror testified that the incident in no way affected her deliberation, and her conclusion as to defendant's guilt was based upon the evidence at trial.

The woman displaying the picture was not a witness in the case. During the course of the trial, several photographs of the victim, a 22-month-old baby, were introduced into evidence to refute the claim of accidental injury.[2] Thus, there was no potential for the prejudicial effect which might occur if a juror inadvertently observed a photograph of a victim, when there had been no evidence of this type presented to the jury.

In *Skeen v. Skeen*[3] a person, not connected with the case, made a derogatory remark about one of the parties while in the hall of the courthouse during a recess of the court; a juror overheard it but paid no attention and was not influenced by it. There was no evidence that the party to the action participated in or was connected with this incident. Furthermore, there was no evidence that the stranger, who made the remark, had any knowledge or intention that the juror would hear it. The appellant, nevertheless, urged that the trial court should have found misconduct on the part of the juror and have granted a new trial.

██ Where remarks about the matter on trial are made, by strangers to the litigation, and are overheard by jurors, where neither the successful party nor the jurors are at fault; this court has held a new trial is not merited; unless, of course, such remarks probably had an influence in producing the verdict rendered.[4]

██ There is no evidentiary basis to sustain the alleged prejudicial effect of this incident on the juror, or on the production of the verdict. The trial court properly denied the petition. The order of the trial court is affirmed.

ELLETT and TUCKETT, JJ., concur.

HENRIOD, Chief Justice (concurring).

I concur, and so doing, point out that the defendant has now had three tries (and I don't know how many more in the federal courts)—, two of which virtually were du-

1. This matter is entertained on appeal only because the facts upon which the petition is grounded were discovered after trial. It is thus removed from the prohibition against the use of habeas corpus as a substitute for appeal. See *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968.

2. See *State v. Gee*, 28 Utah 2d 96, 498 P.2d 662 (1972).

3. 76 Utah 32, 287 P. 320 (1930).

4. At page 42 of 76 Utah, at page 324 of 287 P.; also see *Burton v. Zion's Cooperative Mercantile Institution*, 122 Utah 360, 249 P.2d 514 (1952).

plications of the first, which latter was reported by unanimous opinion in 28 Utah 2d 96, 440 P.2d 968 (1972), wherein we sustained a first-degree murder verdict and judgment on evidence that pointed up the fact that defendant, in a rather suspicious scenario with the mother of a 22-month-old male toddler, born to a previous paramour, killed him. In the mothers' absence,—so the jury concluded, Gee had something to do with some second or third-degree burns on the child's foot which a qualified physician opined were occasioned by a "vehicle cigarette lighter." More so, and painfully so, similar burns appeared on the "tops of his toes and feet." The mother, having left the infant sleeping fully clothed in a crib, returned home and was greeted by the defendant holding the baby, "unconscious," "clad only in a shirt." The other recitation of facts, so appalling as almost to belie belief, was to the effect that defendant was seen to have carried the child downstairs by the ears, hitting its head against the stair railing.

The defendant thereafter, in 1973, put the State and taxpayers to some more expense by pursuing an extraordinary writ in the nature of coram nobis based on a fantastic claim that a woman juror in a ladies restroom was shown a picture of the dead child,—about which, at taxpayers' expense, this court considerably was concerned, but about which fantasy it was not,—as evidenced in 30 Utah 2d 148, 514 P.2d 809 (1973).

Gee's third time around, via the habeas corpus route, chanting the same theme song, seems to be frivolous here, but a tribute to distortion of constitutional due process claims and demands.

The defendant three times now uselessly has exhausted his state remedies—twice too much,—and the 22-month-old baby is dead, —and he alive.

Besides, we have said repeatedly that the writ of habeas corpus is not a substitute for an appeal.

CROCKETT, Justice (concurring).

I concur; and also with the comments of the Chief Justice, particularly that it is improper to use habeas corpus as a belated and duplicative appeal. See *Schad v. Turner,* 27 Utah 2d 345, 496 P.2d 263, and authorities therein cited.