[Crim. No. 8567. Second Dist., Div. One. May 1, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE ALBERT WALKER, Defendant and Appellant.

Gladys Towles Root and Eugene V. McPherson for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

LILLIE, J.—For his conviction of grand theft from the person (Pen. Code § 487 subd. 2) the court, on September 15, 1959, suspended proceedings and granted defendant probation for five years on the condition, among others, that he spend the first six months in the county jail. Prior to the expiration of the term the order was modified to effect his release. Thereafter, defendant deserted probation and for his viola-

tion, a second modification of the order confined him to the county jail for 30 additional days. More than a year after his release, and on June 13, 1962, he was again brought before the court for violating probation. A supplemental probation report was ordered and the matter was continued. On July 5, 1962, defendant and his counsel were present, probation was revoked and the matter, on defendant's motion, was continued to July 11, 1962. On that day the lower court, having read the entire file and the probation reports and given counsel full opportunity to speak on defendant's behalf, ordered the revocation to stand; and having no legal cause why judgment should not be pronounced, defendant was sentenced to the state prison. His appeal is from "the verdict of guilty, the probation and sentence that followed as well as the violation of probation and judgment therein."

Notice of appeal from the order of September 15, 1959, granting probation, not having been timely filed, the purported appeal from the "verdict of guilty, the probation and sentence" is dismissed. Inasmuch as an order revoking probation is nonappealable (*People* v. *Robinson*, 43 Cal.2d 143 [271 P.2d 872]; *In re Bine*, 47 Cal.2d 814 [306 P.2d 445]), we treat the within appeal as one from the judgment of July 11, 1962, which permits a review of the validity and merits of the order revoking probation (*In re Davis*, 37 Cal.2d 872 [236 P.2d 579]); it however precludes a review of any matters preceding the order granting probation. (*People* v. *Wilkins*, 169 Cal.App.2d 27 [386 P.2d 540].) The only issue before this court, as framed by appellant, is whether his probation was "arbitrarily and summarily" revoked on the basis of the probation reports "without permitting him an opportunity to answer or refute the charges so made." (A.O.B., p. 3.)

 It has long been the rule in California that probation is "an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted." (*People* v. *Hainline*, 219 Cal. 532, 534 [28 P.2d 16]; *People* v. *Payne*, 106 Cal.App. 609 [289 P. 909].) Inasmuch as it is a matter of clemency and not of right (*People* v. *Roach*, 139 Cal. App. 384 [33 P.2d 895]), probation may be withdrawn if the privilege is abused; and, like the grant or denial of probation, revocation rests entirely in the sound discretion of the trial court. (*In re Cook*, 67 Cal.App.2d 20 [153 P.2d

578]; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585]; *In re Davis,* 37 Cal.2d 872 [236 P.2d 579].) The privilege is abused and may be revoked if there be reason for the court to believe from the probation report that the defendant has violated any of the terms or conditions of probation (Pen. Code, § 1203.2; *In re Bine,* 47 Cal.2d 814 [306 P.2d 445]), "is unfit to be at large" (*People* v. *Martin,* 58 Cal.App.2d 677, 683 [137 P.2d 468]; see also *In re Young,* 121 Cal.App. 711 [10 P.2d 154]; *People* v. *Silverman,* 33 Cal.App.2d 1 [92 P.2d 507]), or is "associating with lawless or improper persons or that he is engaged in criminal practices." (*People* v. *Hunter,* 42 Cal.App.2d 87, 91 [108 P.2d 472].)

 While the discretion of the trial court to revoke probation is said to be "very broad" (*People* v. *Fields,* 131 Cal. App. 56 [20 P.2d 988]), the court may not therein act arbitrarily or capriciously; its determination must be based on the facts before it. (*In re Davis,* 37 Cal.2d 872 [236 P.2d 529]; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585]; *In re Bine,* 47 Cal.2d 814 [306 P.2d 445].) It is not denied that the facts of defendant's conduct, as set up in the supplemental probation report, constituted defendant in violation of the terms and conditions of his probation; nor is it disputed that the supplemental report was before the trial judge and his determination to revoke probation was based thereon. Thus, in the absence of the report in the record before us and any showing to the contrary, we presume that the supplemental report wholly supported the revocation. That such presumption is justified is borne out at the hearing by the lower court's recital of the fact of defendant's "complete desertion" of probation, his failure to make restitution as ordered, his "abandonment" of his children and his "numerous arrests" within the last year and a half. While defendant's lawyer attempted to explain away the abandonment charge and minimize the seriousness of his arrests, he nevertheless conceded that "this does not seem to be really a case where probation would be a success without complete lack of difficulty," and voiced his agreement with the probation officer's recommendation of "imposing a sentence at this time," but on a "local level" not in a state facility.

Inasmuch as it is the rule that the trial court may revoke probation solely upon the basis of a probation report showing grounds sufficient to justify the same (*In re Levi,* 39 Cal. 2d 41 [244 P.2d 403]; *In re Dearo,* 96 Cal.App.2d 141 [214

P.2d 585]; *People* v. *Nason,* 184 Cal.App.2d 182 [7 Cal. Rptr. 525]; *People* v. *Booth,* 210 Cal.App.2d 443 [26 Cal. Rptr. 717]), appellant's claim that his probation was "arbitrarily and summarily" revoked "on the basis of a report or reports submitted by a probation officer, without permitting the defendant an opportunity to answer or refute the charges so made" (A.O.B., p. 3), is without merit. ▮ Moreover, in the matter of revocation there is no constitutional or statutory right to notice (*In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585]) or a hearing (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579]; *In re Levi,* 39 Cal.2d 41 [244 P.2d 403]), for it is not a proceeding which is a phase of criminal prosecution in which defendant has a right to appear and defend (*People* v. *Fields,* 131 Cal.App. 56 [20 P.2d 988]), nor is it one governed by the rules relating to criminal trials. (*In re Levi,* 39 Cal.2d 41 (244 P.2d 403]; *People* v. *Silverman,* 33 Cal. App.2d 1 [92 P.2d 507].)

▮ However, it is not true, as represented by appellant, that he was denied "an opportunity to answer or refute the charges" made in the probation report. At the hearing defendant was present and represented by, what the trial judge termed and we agree, a "very capable counsel." ▮ Defendant's lawyer had the exclusive right to appear in court for him, speak for him and control the proceedings (*People* v. *Merkouris,* 46 Cal.2d 540 [297 P.2d 999]), and he did so; thus, the court was not obliged to recognize the defendant's personal request to "speak up" and properly denied the same.

▮ Nor was there any reason for defendant to be heard, for his counsel, who was familiar with the reports and file, spoke at length on his behalf, made a vigorous plea for his reinstatement, sought to explain and mitigate the charges, and even offered to have defendant testify under oath "to clarify any questions the court may have" on "any matters of violation." It should be noted that when counsel made this offer to the court he neither requested nor demanded defendant be heard but specifically left it "to the court's discretion" if it "would like the defendant to testify"; apparently the court had no questions to ask defendant for it did not accept the offer. The court, in fact, denied no request of counsel and immediately thereafter invited him to proceed by saying, "Is there anything further you desire to say counsel?" And in reply, he spoke considerably for defendant denying and attempting to explain the "apparent abandonment" of his children and minimize his "numerous arrests" while on pro-

bation by arguing they were "not completely serious" but "something like traffic with drunkeness," and pleading for his reinstatement on probation. Counsel was in no manner restricted and it is apparent he presented all he had to offer on behalf of his client.

We find nothing in the record to support the claim that the lower court infringed upon any of defendant's rights; nor is there any showing of abuse in the exercise of its discretion in withdrawing probation and sentencing him to the state prison.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.