[Crim. No. 6379.   First Dist., Div. Two.   Mar. 25, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DOLORES J. TAYLOR, Defendant and Appellant.

Gladstein, Andersen, Leonard & Sibbett and Norman Leonard for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and James A. Aiello, Deputy Attorneys General, for Plaintiff and Respondent.

TAYLOR, J.—On this appeal from an order revoking probation, defendant contends there was no basis for the order and that she was deprived of procedural due process at the hearing. We have concluded that there is no merit in either of these contentions.

The facts are not in dispute. On July 29, 1965, defendant was found guilty of petty theft, in violation of section 488 of the Penal Code (a misdemeanor) and then sentenced. Thereafter, execution of the sentence was suspended and she was placed on probation for a period of three years on condition that she make restitution in the sum of $82.50 and pay a fine of $100. On March 7, 1966, she was arrested for prostitution (Pen. Code, § 647, subd. (b)) but the matter was subsequently dismissed. On August 15, 1966, she was arrested again for another violation of section 647, subdivision (b) of the Penal Code and suspicion of a violation of section 211 of the Penal Code, robbery, a felony. Thereafter, on November 28, 1966, her probation was revoked and the suspended sentence reinstated.

At the revocation hearing and at all proceedings prior thereto, defendant was represented by counsel. At the hear-

ing, the trial court indicated that for the purposes of the revocation hearing, it would consider defendant innocent of the robbery charge then still pending. The court noted that the supplemental probation report of August 15, 1966, showed that defendant had not reported since June 8, 1966, to her probation officer, had paid only a portion of the fine and nothing on the restitution, had moved without leaving a forwarding address, had practiced prostitution, and otherwise violated the terms and conditions of her probation. On August 30, 1967, the robbery charge was dismissed on motion of the district attorney.

Defendant first contends that since both matters for which she was arrested were subsequently dismissed, there is no basis for the revocation of probation. She relies on *People* v. *Manriquez*, 231 Cal.App.2d 725 [42 Cal.Rptr. 157], wherein the judgment that was the basis of the revocation proceedings was subsequently reversed on constitutional grounds. There, the appellate court vacated the order revoking probation and remanded the matter to the trial court. Defendant argues that the same procedure should be followed here.

We do not agree. The record indicates that although the revocation proceedings were initiated after defendant's arrest for robbery, the court at the hearing considered that defendant was innocent of the robbery for purposes of the revocation.[1] Thus, it is clear that the court relied not on the arrests but on the probation report indicating that defendant had violated the terms of her probation in a number of respects.

■ Probation is not a right but an act of clemency that may be withdrawn if the privilege is abused (*People* v. *Keller*, 245 Cal.App.2d 711, 715 [54 Cal.Rptr. 154]). Like the granting or denial of probation, revocation rests entirely in the sound discretion of the trial court. Thus, probation may be revoked if there are reasons for the court to believe from the probation report that defendant has violated any of the terms or conditions of probation (*People* v. *Walker*, 215 Cal.App.2d 609, 612 [30 Cal.Rptr. 440]). While the discretion of the trial court to revoke probation is said to be "very broad," the court may not act arbitrarily or capriciously. Its determination must be based on the facts before it (*People* v. *Walker*, *supra*). Here, the probation report set forth sufficient facts on which to base the revocation.

---

[1]*In re Brown*, 67 Cal.2d 339 [62 Cal.Rptr. 6, 431 P.2d 630], is distinguishable as therein, the Adult Authority did not indicate that the parole revocation was not based on the invalid robbery conviction.

██ Defendant further argues, however, that as to the matters set forth in the probation report, she was deprived of procedural due process and not permitted an opportunity to answer or refute the charges so made (*Mempa* v. *Rhay*, 389 U.S. 128 [19 L.Ed.2d 336, 88 S.Ct. 254], decided November 13, 1967). The record, however, does not support her contention. She was represented by able counsel at all stages of the proceedings. After the court read the supplemental probation report and indicated that he was revoking probation on grounds other than the robbery charge, defense counsel argued that the conduct relied upon by the court did not merit revocation. He, at no time, asked leave to refute the truth of any of the charges and he acknowledged[2] the broad discretion granted to the court in determining the grounds for revocation (*In re Brown, supra*).[3] ██ We conclude that there were ample reasons indicated in the supplemental report to revoke defendant's probation in addition to the excluded robbery charge, and accordingly affirm the court's order of revocation.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied April 24, 1968, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1968.

---

[2] "I am aware, your Honor, I am absolutely aware that it is not necessary for this Court to wait for a person to become arrested, tried, convicted, before acting on a probationary matter. I realize that you have vast discretion in these matters and that if at any time it appears, as your Honor indicates, that if she just failed to give an address, fails to report, that is enough and she is not entitled to any fancy flight of Constitutional rights in that situation."

[3] The court indicated at page 341 that the invalidity of the conviction did not foreclose further inquiry into the subject matter of the conviction by either the courts or the Adult Authority, and continued: "The Adult Authority may properly, under its own procedures, determine whether defendant has engaged in conduct that constitutes cause for parole revocation."