[Crim. No. 13557.　Second Dist., Div. One.　Apr. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. MARY E. GUNTER, Defendant and Appellant.

James A. Wallace, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Larry Ball, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from "the judgment" "made on March 3, 1967." Defendant was found guilty of possession of amidone.

In an information filed in Los Angeles on August 21, 1961, defendant was charged with possessing amidone on July 31,

1961, in violation of the provisions of section 11500 of the Health and Safety Code. In a jury trial defendant was found guilty as charged. She made an application for probation and a report was filed on October 19, 1961. This report sets forth in part that defendant had been a user of narcotics for ten years, was an extensive user of morphine and heroin, had had numerous arrests for thefts and prostitution, and had at one time signed herself into the U.S. Public Health Hospital at Lexington, Kentucky, for treatment but had signed herself out in two weeks. It was further related that at the time of her arrest she was attempting to throw heroin into the toilet. She was referred to Department 95 as an addict, the court noting, "It is my feeling that there is a realistic possibility of rehabilitation." In Department 95 she was found to be a narcotics addict and she was remanded to the California Rehabilitation Center, where she was received on November 20, 1961. On August 13, 1962, she was paroled from the Center and she violated parole on September 29, 1962, by failing to take the required Nalline test; she was returned to the center on October 1, 1962. She was again paroled on January 11, 1963, and parole was suspended July 30, 1965. On January 4, 1966, she was picked up and sentenced to 90 days for prostitution; she admitted that she was using heroin again. She was granted a writ of habeas corpus from California Rehabilitation Center on about January 28, 1966.

In a supplemental probation officer's report dated February 18, 1966, it was pointed out that she admitted to using heroin again but it was suggested that she was not using as much as formerly and the probation officer recommended probation. On February 23, 1966, proceedings were suspended, defendant was placed on probation, a part of the terms thereof being that she was not to possess narcotics, was to stay away from narcotic peddlers, was not to possess narcotics paraphernalia and was to take detection tests. A report of the probation officer dated June 23, 1966, related that defendant had started to take weekly detection tests and in May 1966 had failed to appear, that she had moved and had not been heard from since. On June 28, 1966, her probation was revoked. On November 16, 1966, the cause came on the calendar for a violation of probation hearing. Apparently defendant was living with a parole violator who was engaged in peddling narcotics. Officers went to the room and called out, "police officers"; defendant called back, "just a minute" and the officers heard shuffling noises from the room and then

entered. Defendant had a hypodermic syringe with a needle attached and one of the officers placed her under arrest. On the table were pills and capsules. Defendant said, "I was just getting ready to fix. Those little tablets are morphine, . . ." She told the probation officer that at the time of her arrest she had her "outfit" in her hand and said: "I wanted time to shoot in my stomach as I knew I was going to jail and I didn't want to be sick" and said that the morphine tablets belonged to her. She readily admitted to the resumption of the use of narcotics in July and to "using" up until the time of her arrest, but said that she was not using as much as she had before. "Just as much as I could get a hold of" and that she had broken probation because among other things the testing was just too much. It is interesting to note also that while out on probation she was picked up while in a stolen car, was charged with a robbery, was in an automobile wreck and was released from numerous traffic warrants. She stated that "friends" supported her in her habit. It is further interesting to note that the probation officer did not see in her any of the hardened criminal and felt that she should be certified back to Department 95 for another round.

Probation was denied and she was sentenced to the state prison on March 3, 1967.

■ Appellant now asserts that the judge abused his discretion by revoking the probation. In her brief it is admitted that she was using heroin but noted that "the episodes of use were becoming fewer and farther between." By her own statement she was using "just as much as" she "could get a hold of."

There is no merit to appellant's contention. (See *People* v. *Silva*, 241 Cal.App.2d 80, 84 [50 Cal.Rptr. 243]; *People* v. *Walker*, 215 Cal.App.2d 609, 611-612 [30 Cal.Rptr. 440].)

If there be, these days, such a category as frivolous appeals in criminal proceedings, this case should be near the top of the list.

The judgment or order appealed from is affirmed.

Wood, P. J., and Lillie, J., concurred.