[Crim. No. 822. Fifth Dist. Nov. 2, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HOLT EUGENE SMITH, Defendant and Appellant.

622

---

---

**COUNSEL**

Howard Renge, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**COAKLEY, J.**—This is an appeal from a judgment sentencing the appellant to prison following an order revoking probation. Appellant contends that the judgment must be reversed because:

(1) The term of his probation had automatically expired on May 6, 1969, and, therefore, the court had no jurisdiction when it sentenced him to prison on August 5, 1969; and

(2) The probation officer's special report, upon which his probation was revoked, failed to allege any specific violation of the terms of probation.

██ Where, as here, imposition of judgment is suspended and probation granted and later revoked, the order revoking probation is not appealable,

but the judgment imposing sentence, which follows upon revocation is appealable.[1] However, on an appeal from such judgment, the court will review the validity and merits of the order revoking probation. (*People* v. *Robinson,* 43 Cal.2d 143 [271 P.2d 872]; *People* v. *Walker,* 215 Cal.App. 2d 609 [30 Cal.Rptr. 440]; Witkin, Cal. Criminal Procedure (1963) Appeal, §§ 650, 651, pp. 642-643.)

The record contains ambiguities and gaps, but from it we glean the following:

Appellant was convicted of possession of one marijuana cigarette. (Health & Saf. Code, § 11530.) On April 6, 1966, imposition of sentence was suspended and appellant was placed on probation for three years. He served nine months in jail as one of the conditions of probation. On April 18, 1969, the court made an order that appellant be released from the custody of the Fresno County sheriff and that he report to department 5 of the superior court not later than 1:30 p.m. on Friday, April 25, 1969.[2] That order concluded with these words: "All other terms of Probation heretofore granted shall remain in full force and effect."[3]

The minutes of the hearing of April 25, 1969, contain the following: "The defendant did not appear.

"The matter [hearing on special report of probation officer recommending revocation of probation] is submitted to the Court for a ruling, and it is ordered that defendant's probation is revoked, and that a Bench Warrant issue for his arrest in order that said defendant may be brought before this Court for judgment and sentence."

When the orders of April 18 and April 25 are read together, it becomes clear that the court considered appellant's probation to be in effect in April

---

[1]The situation where imposition of judgment is suspended and probation granted must be distinguished from the situation wherein judgment is pronounced, its execution is suspended, and probation is granted. An appeal may be taken from the order in the latter case, because it is an "order made after judgment" from which appeals may be taken (Pen. Code, § 1237, subd. 2, formerly subd. 3); whereas, there is no statutory authority for an appeal in the first situation, i.e., from an order revoking probation prior to judgment.

[2]The record is silent as to why appellant was in custody on April 18, 1969. The inference is that he was in custody pursuant to bench warrants issued in July and October 1968, following an ex parte revocation of probation in July 1968, based upon a special report of the probation officer dated July 11, 1968.

[3]Why and when appellant's probation, which had been revoked ex parte in July 1968, was reinstated is another of the mysteries of the record before us. Be that as it may, the order quoted above can only mean one of two things, viz., that (1) the court did not consider that probation had ever been properly revoked, or (2) if earlier revoked, it had been or was therewith reinstated. In either event, by the terms of the order of April 18, 1969, appellant's probation was in effect on and after that date.

and continued to be in effect until revoked on April 25. It is equally clear that probation was revoked on April 25, and a bench warrant was issued so that judgment and sentence could be imposed, imposition thereof having been suspended approximately three years earlier, i.e., May 6, 1966.

On August 5, 1969, appellant and the public defender being present, judgment was imposed sentencing appellant to prison for the offense of which he was convicted in 1966, i.e., possession of a marijuana cigarette, and for which he had already served nine months in jail. The minutes of the proceedings of August 5, 1969, are on a printed form used by many courts in criminal proceedings. It is the practice for the clerk to record the proceedings by placing check marks in front of those lines on the form which appropriately describe the nature of the proceedings and what transpired. As checked off the minutes of August 5 are ambiguous as to whether the purpose of the hearing was to determine if probation should be revoked or whether the purpose was to pronounce judgment. The ambiguity in the minutes is clarified by recourse to the reporter's transcript of that day wherein, in response to the appellant's request that the court "not revoke my probation," the court replied: "Probation has heretofore been revoked and will remain revoked."

From the reporter's transcripts of the proceedings on August 5, and supplemental proceedings on August 22, 1969, it is clear that the reason that judgment had not been imposed on or shortly after revocation of probation on April 25, 1969, was because the appellant was in jail in another county or counties on April 25, and intermittently thereafter until August 5, 1969.

■ It is settled that probation may be revoked solely upon the probation officer's report, and the absence of an opportunity to appear and be heard does not violate any constitutional or statutory right of a probationer. (*In re Levi,* 39 Cal.2d 41 [244 P.2d 403]; *In re Davis,* 37 Cal.2d 872 [136 P.2d 579]; *People* v. *DeWaele,* 224 Cal.App.2d 512 [36 Cal.Rptr. 825]; *People* v. *Walker, supra,* 215 Cal.App.2d 609; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].)

■ It is also settled that an order revoking probation, to be valid, must be made within the period fixed in the order of probation. If not revoked within that period, the probation terminates automatically on the last day. (Pen. Code, § 1203.3; *People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244].)

■ There is no requirement, however, that sentence be imposed prior to the date fixed for termination of probation so long as probation has been revoked prior to said date. Judgment may be imposed simultaneously with revocation, or it may be imposed at a later date, particularly where a de-

fendant is incarcerated outside the jurisdiction of the court or cannot be located with reasonable diligence at the time of revocation. (See *In re Perez,* 65 Cal.2d 224, 232 [53 Cal.Rptr. 414, 418 P.2d 6]; and *People* v. *Williams, supra,* 24 Cal.2d 848.) In *Williams,* the court held that revocation of probation within the two-year term thereof, followed by judgment approximately five years after revocation, was valid, the appellant having been in out-of-state prisons at the time of revocation and until judgment.

■ To require defendant's presence as a condition precedent to revocation would be to reward, by an automatic termination, a probationer who may be in hiding for that very purpose or who may be in prison outside the jurisdiction for a crime committed in violation of his probation. (See *In re Davis, supra,* 37 Cal.2d 872.)

We hold, therefore, that appellant's absence does not nullify the proceedings and revocation of April 25, 1969. This is not to say, however, that probation should be revoked without notice and an opportunity to be heard wherever, with reasonable diligence, the probationer can be given such notice and opportunity. Numerous situations may be conjured in which the probationer is in technical violation only, and has a valid excuse, which, if presented, would render revocation an abuse of discretion. (See *In re Perez, supra,* 65 Cal.2d 224, 229-230.) Fairness and sound judicial administration require no less. (See *In re Dearo, supra,* 96 Cal.App.2d 141, 143.)

■ We now consider appellant's remaining contention for reversal, viz., that probation may not be revoked where the probation officer's report and recommendation upon which the court acted failed to allege any specific violation of the terms of probation. Before ruling on this proposition, we deem it advisable to set out certain well-established principles of law relative to probation and its revocation. They are summarized in *People* v. *Taylor,* 260 Cal.App.2d 393, 395 [67 Cal.Rptr. 180]: "Probation is not a right but an act of clemency that may be withdrawn if the privilege is abused (*People* v. *Keller,* 245 Cal.App.2d 711, 715 . . .). Like the granting or denial of probation, revocation rests entirely in the sound discretion of the trial court. Thus, probation may be revoked if there are reasons for the court to believe from the probation report that defendant has violated any of the terms or conditions of probation (*People* v. *Walker,* 215 Cal.App. 2d 609, 612 . . .). While the discretion of the trial court to revoke probation is said to be 'very broad,' the court may not act arbitrarily or capriciously. Its determination must be based on the facts before it. . . ." (See *People* v. *Walker, supra,* and numerous cases cited therein.)

Where revocation is based solely on the probation officer's report and

absent other competent evidence, the facts before the court are those alleged in the report. (See *Taylor, supra,* and *Walker, supra.*)

*In re Bine,* 47 Cal.2d 814 [306 P.2d 445], involved a modification of the terms of probation, and not a revocation. The modification required the appellant to serve a jail term which was not a condition of the original probation. There was no evidence before the court on which to predicate the modification. The court held that, while the trial court had wide discretion in imposing or modifying the terms of probation, it may not act arbitrarily and capriciously; and where there is no factual basis to support the order of modification it is ineffective. For the same reason, an order revoking probation is ineffective if the probation officer's report on which the court solely relies has no factual basis. As expressed in *In re Dearo, supra,* 96 Cal. App.2d 141, 143: "The court may act informally but it may not act arbitrarily; to be valid the order of revocation must be based upon a factual showing sufficient to justify an exercise of discretion."

The only condition of probation relative to the issue before us in this case reads: "(1) That defendant obey all laws and all lawful directives of the Probation Officer."

The special report of the probation officer on which the court relied in revoking appellant's probation reads as follows:

"Shortly after he was placed on probation, defendant moved to Oakland, California, and the Alameda County Probation Department accepted the case for courtesy supervision. Recently, we were notified the defendant was very far behind on his child support payments, and a hearing was set by the Municipal Court for April 12, 1968 regarding child support. Defendant did not appear. Further, we received a letter dated July 9, 1968 to the effect that the defendant was no longer in contact with the Alameda County Probation Department.

### Recommendation

"In view of the circumstances and facts as set forth in the above statements, it is hereby recommended that defendant's term of probation be revoked and that a bench warrant be issued for his arrest."

We fail to find in the special report any allegation of *fact* from which the court could reasonably find that the appellant had violated the terms of his probation. It does not order him to support his child or to report to the probation officer at regular intervals, or otherwise. He was simply ordered to obey all laws and lawful directives of the probation officer.

There is nothing in the record before us from which the court could find

that appellant was ever directed by the probation officer to report to him or to the Alameda County Probation Department. At most, there is a vague inference that appellant had been directed to report to the Alameda County Probation Department gleaned from the fact that he "was no longer in contact with the Alameda County Probation Department."

Nor does the allegation of the special report, with reference to the failure to make child support payments, and appellant's failure to appear at a hearing in municipal court thereon, satisfy the requirements of an allegation of *fact* that he violated the terms of his probation. Appellant was not ordered to make child support payments as a term of probation. Assuming that his failure to make such payments constituted a violation of the term of probation which directed him to "obey all laws," still the allegation that appellant was behind in his payments and failed to appear in municipal court for a hearing thereon was predicated not on facts known or verified by the probation officer, but on rank hearsay, i.e., "Recently, we were notified . . ." that defendant was behind in his support payments and had failed to appear in a municipal court hearing. For aught that appears in the special report, the "notification" might have been received not from the municipal court or other public agency whose notices should ordinarily be given credence, but from the mother of the illegitimate child appellant was allegedly ordered to support in proceedings separate from the instant proceedings, and the information may have been accurate or it may have been spiteful.

If more specific information of alleged violations of the terms of probation was placed before the court on or after April 18 and before revocation of probation on April 25, 1969, it does not appear in the record. The court's information regarding the appellant being jailed for other offenses committed prior or subsequent to April 25, first appears in the record before us on August 5, 1969, three months after appellant's probation would have automatically terminated, assuming it was not validly revoked prior to May 6, 1969.

We, therefore, hold that there were no *facts* before the court on April 25 from which it could validly find that appellant violated the terms of his probation. That being so, the court abused its discretion in revoking the probation.

The judgment sentencing appellant to prison is, therefore, reversed.

Stone, P. J., and Gargano, J., concurred.