55,087-06

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 13 2015
Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-55,667-06

IN RE MILTON VERAN WILLIAMS, Relator

ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. F9573890-NL IN THE CRIMINAL DISTRICT COURT NO. 5
FROM DALLAS COUNTY

Per curiam

SUPPLEMENTAL EVIDENCE IN CASE CITE TO SUPPORT THE
PREMISE THAT SENTENCE WAS NOT IMPOSED ON JULY 24, 1995
IN THE CAUSE AT BAR WHEN IMPOSITION OF SENTENCE
WAS SUSPENDED ON HEARING DATE OF JULY 24, 1995

COMES NOW, Relator (Milton V. Williams) (pro se), files the foregoing with supporting evidence that a Nunc Pro Tunc is warranted in the cause at bar.

1) United States v. Stalling, 301 F.3d 919-922 (9th Cir. 2002) is parallel to the cause at bar because in both the Appellant/ Relator plead guilty and/or nolo contendere, was sentenced to three years probation, subject to serving of 78 days in the county jail, and ordered to pay restitution and court costs. (See attached Exh. #2).

2) In both the cause at bar and the above case cite used for example given the sentencing documents show that "imposition of sentencing was suspended" on the date of the hearing.

Page 1 of 3

(See attached Exh. #1(a) on page 5 of 7, id at 421.).

3) The only difference in both the cited case cite and the cause at bar is that on July 24, 1995 the Dallas County Court Clerk incorrected recited on the judgment and sentence that the date of the hearing (July 24, 1995) was also the date sentence was impose, (See attached Exh. #2 as stamped filed on May 05, 2015 by Dallas County District Court Clerk (Felicia Pitre)); when in opposition to said incorrectly filed document, the July 24, 1995 guilty plea documents/transcript clearly recites the command of the sentencing (Judge Manny Alverza) that, "the imposition of sentencing is suspended hereinafter in the best interest of justice." (See July 24, 1995 guilty plea hearing transcripts in Cause No. F9573890-NL).

Therefore, any logical person could determine that it would be not only impossible, but also unreasonable for the judgment in the cause at bar to had recited the hearing date of July 24, 1995 as the date sentence was impose when the hearing transcripts on the same stated date totally contradicts that said incorrectly recited date on the judgment.

The court records in the state writ of habeas corpus proceeding under Writ No. W9573890-(A); Ex Parte Milton Williams clearly show that in February of 2003, Judge Manny Alverza issued an Order Designating Issue and stated within said order that, "There are unresolved issues to the legality applicant's confinement, ..." in short he had neglicted to had impose sentencing at the conclusion of the ordered 3 years probated which would had been July 24, 1998.

Wherefore, premises considered, Relator prays that at the conclusion of all the above stated evidence in attached exhibit in Ex Parte Milton Williams; Writ No. W9573890-(A); (State of Texas v. Milton Veran Williams; Case No. F9573890-NL; and/or Milton Veran Williams v. Dallas County District Court Clerk (Fitzsimmons)

that the Court will issue instructions to the Dallas County County District Court to perform a Nunc Pro Tunc under the cause at bar to read the correct date that sentence was imposed which would had been after February, 2003.

Respectfully Submitted,
/s/ Milton V. Williams
Milton Veran Williams #349375 (ODOC)
Jim E. Hamilton Correctional Center
53468 Mineral Springs Road
Hodgen, Okla. 74939

## CERTIFICATE OF MAILING

I, hereby certify, that a true and corrected copy of the foregoing was mailed postage prepaid, through the U.S. Postal Service on the 4th day of July, 2015, to the below listed parties:

COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
ATTN: COURT CLERK (Abel Acosta)
P. O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

DALLAS COUNTY DISTRICT COURT NO. 5
ATTN: COURT CLERK (FELICIA PITRE)
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

Milton V. Williams #349375 (ODOC)
(Affiant)

EXHIBIT #1
APPENDIX 'E'

Westlaw.

Date of Printing: Aug 04, 2009

## KEYCITE

▷ U.S. v. Stallings, 301 F.3d 919 (8th Cir.(Neb.) Aug 23, 2002) (NO. 01-3800)

   Citing References: limited to Tenth Circuit Ct. App., New Mexico, Other Court, selected document types

   Positive Cases (U.S.A.)

   ★★ Cited

C   1 U.S. v. Sierra-Estrada, 248 Fed.Appx. 973, 987 (10th Cir.(Utah) Oct 01, 2007) (Table, text in WESTLAW, NO. 05-4086, 05-4117) " HN: 3 (F.3d)

H   2 U.S. v. Alvarado, 458 F.Supp.2d 1266, 1268+ (D.N.M. Jul 20, 2006) (NO. CR 05 377 BB) HN: 3 (F.3d)

© 2009 Thomson Reuters. All rights reserved.

Westlaw.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

▷

United States Court of Appeals,
Eighth Circuit.
UNITED STATES of America, Appellee,
v.
Pablo STALLINGS, Appellant.
No. 01-3800.

Submitted: May 13, 2002.
Filed: Aug. 23, 2002.

Defendant was convicted in the United States District Court for the District of Nebraska, Lyle E. Strom, J., of conspiracy to possess with intent to distribute cocaine base. Defendant appealed. The Court of Appeals, Melloy, Circuit Judge, held that: (1) defendant received timely notice of government's intent to seek sentencing enhancement based upon defendant's prior convictions; (2) prior felony drug conviction could not be used to enhance defendant's sentence; and (3) evidence was sufficient to support conviction.

Affirmed in part, reversed in part, and remanded for resentencing.

West Headnotes

**[1] Sentencing and Punishment 350H ☞1366**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(K) Proceedings
            350Hk1363 Recidivist or Habitual Offender Charge
                350Hk1366 k. Time for Filing or Instituting Proceedings. Most Cited Cases
To satisfy the procedural and notice requirements of filing an information for purpose of sentencing enhancement based upon defendant's prior convictions, the government must file its information before jury selection begins, thus allowing the defend-

ant ample time to go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1).

**[2] Sentencing and Punishment 350H ☞1361**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(K) Proceedings
            350Hk1361 k. Notice of Intent to Seek Enhancement. Most Cited Cases
Defendant received timely notice of government's intent to seek sentencing enhancement based upon defendant's prior convictions, pursuant to notice and procedural requirements of statute allowing such enhancement, in prosecution for conspiracy to possess with intent to distribute cocaine base, where government filed its notice a few days prior to the commencement of defendant's trial. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1).

**[3] Sentencing and Punishment 350H ☞1330**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(I) Subsequent Circumstances Affecting Prior Adjudication
            350Hk1330 k. In General. Most Cited

**Sentencing and Punishment 350H ☞1338**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(I) Subsequent Circumstances Affecting Prior Adjudication
            350Hk1338 k. Matters Related to Sentence. Most Cited Cases
Prior felony drug conviction could not be used to enhance defendant's sentence for conspiracy to pos-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

Page 2

sess with intent to distribute cocaine base, where prior conviction was never properly entered against defendant; although defendant entered plea of nolo contendere in California state court to prior offense, sentencing documents showed that he was sentenced to probation, but imposition of sentence was suspended, and his probation was not revoked, precluding entry of judgment against defendant under California law. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1); West's Ann.Cal.Penal Code § 1203.2.

**[4] Sentencing and Punishment 350H ⭧480**

350H Sentencing and Punishment
   350HII Sentencing Proceedings in General
      350HII(J) Stay of Execution of Sentence
         350Hk480 k. Effect. Most Cited Cases

**Sentencing and Punishment 350H ⭧1931**

350H Sentencing and Punishment
   350HIX Probation and Related Dispositions
      350HIX(F) Disposition of Offender
         350Hk1931 k. Probation Without Sentence. Most Cited Cases
Under California law, when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed, in which case a judgment of conviction is rendered. West's Ann.Cal.Penal Code § 1203.2.

**[5] Criminal Law 110 ⭧1144.13(3)**

110 Criminal Law
   110XXIV Review
      110XXIV(M) Presumptions
         110k1144 Facts or Proceedings Not Shown by Record
            110k1144.13 Sufficiency of Evidence
               110k1144.13(2) Construction of Evidence

110k1144.13(3) k. Construction in Favor of Government, State, or Prosecution. Most Cited Cases

**Criminal Law 110 ⭧1144.13(5)**

110 Criminal Law
   110XXIV Review
      110XXIV(M) Presumptions
         110k1144 Facts or Proceedings Not Shown by Record
            110k1144.13 Sufficiency of Evidence
               110k1144.13(5) k. Inferences or Deductions from Evidence. Most Cited Cases
The Court of Appeals reviews sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences.

**[6] Conspiracy 91 ⭧47(12)**

91 Conspiracy
   91II Criminal Responsibility
      91II(B) Prosecution
         91k44 Evidence
            91k47 Weight and Sufficiency
               91k47(3) Particular Conspiracies
                  91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was sufficient to support defendant's conviction for conspiracy to possess with intent to distribute cocaine base; witnesses testified that defendant shipped cocaine through the mail and arranged for others to deliver cocaine base on his behalf, wiretap evidence linked defendant with admitted drug distributors, and physical evidence admitted included scales, razors, and large amount of cash seized from storage locker rented to defendant. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b), 21 U.S.C.A. § 841(b).

**[7] Courts 106 ⭧90(2)**

106 Courts
   106II Establishment, Organization, and Proced-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
**(Cite as: 301 F.3d 919)**

ure
106II(G) Rules of Decision
106k88 Previous Decisions as Controlling or as Precedents
106k90 Decisions of Same Court or Co-Ordinate Court
106k90(2) k. Number of Judges Concurring in Opinion, and Opinion by Divided Court. Most Cited Cases
Only the Court of Appeals en banc can overrule an earlier panel decision.
**\*920** Michael T. Levy, argued, Omaha, NE, for appellant.

Maria R. Moran, argued, Omaha, NE, for appellee.

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

MELLOY, Circuit Judge.

Pablo Stallings was convicted of conspiracy to possess with intent to distribute cocaine base. The government filed an information seeking to enhance Stallings's sentence to life imprisonment. The district court, relying upon the convictions set out in the notice, imposed the enhancement and sentenced Stallings to life imprisonment. Stallings now appeals his conviction and sentence. We affirm the conviction but reverse and remand the sentence imposed.

I.

[1][2] Stallings challenges his enhanced sentence contending the procedure and notice were defective and the two prior felony convictions were not proved beyond a reasonable doubt. "Because resolution of this claim requires us to interpret the statute, we review de novo the district court's use of the two prior convictions for enhancement purposes." *United States v. Johnston,* 220 F.3d 857, 860 (8th

Cir.2000). We first consider the procedural and notice challenges to the § 851(a) information. A prerequisite for sentence enhancement under 21 U.S.C. § 841(b) is a timely filed information detailing the prior convictions the government intends to rely upon for sentence enhancement. *See*21 U.S.C. § 851(a)(1). To satisfy the procedural and notice requirements of the § 851(a) information, "the government must file its information before jury selection begins, thus allowing the defendant 'ample time [...] to go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.' " **\*921***United States v. Robinson,* 110 F.3d 1320, 1327-28 (8th Cir.1997) (quoting *United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.1991)). The government filed the § 851(a) information on Friday, July 13, 2001. Stallings's trial commenced on Tuesday, July 17, 2001. Stallings's procedural contentions are without merit. Stallings received timely notice of the government's intent to seek the § 851(a) enhancement before trial and had an opportunity to challenge the convictions before the sentence was imposed. 21 U.S.C. § 851(b), (c); *see also Robinson,* 110 F.3d at 1328 (filing of information minutes before voir dire satisfied requirements of § 851(a)(1)).

[3] Stallings contends the government failed to prove the two prior convictions beyond a reasonable doubt. The two predicate convictions offered by the government for enhancement purposes were a 1993 California conviction and a 1987 Nevada conviction. At sentencing, defense counsel entered a valid objection to the prior convictions on the basis of "identity, relevance, and foundation." Therefore, under 21 U.S.C. § 851(c)(1), the government had the burden to prove the two prior felony drug convictions beyond a reasonable doubt. Stallings does not challenge on appeal the use of the 1987 Nevada conviction. However, he raises a variety of challenges to the use of the 1993 California conviction. Based upon the record, we conclude judgment was never properly entered against

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

Stallings in connection with the California conviction, and, consequently, reliance on that conviction for purposes of 21 U.S.C. § 841(b)(1)(A)(viii) sentence enhancement was improper.[FN1]

> FN1. Stallings made a valid objection at sentencing to his California conviction. The grounds relied upon in this opinion to invalidate the sentence were raised through questioning by Judge McMillian at oral argument. The parties were then given the opportunity to file supplemental briefs on the issue of whether there was ever a judgment entered by the California courts. The court is now in receipt of the supplemental briefing on that issue.

At the sentencing hearing, the government introduced a number of exhibits in an attempt to prove up the California conviction. These exhibits show that the defendant was charged with felony possession for sale of cocaine base in violation of section 11351.5 of the Health and Safety Code of California. The defendant entered a plea of nolo contendere. He was sentenced to three years probation, subject to the serving of 78 days in the county jail, and ordered to pay restitution and court costs. The sentencing documents also show that "imposition of sentence was suspended." Subsequently, a revocation of probation proceeding was commenced in the Superior Court of California, County of Alameda. However, the record made at the sentencing hearing indicates no further action was taken on the California probation officer's revocation recommendation. The remaining reference to the California conviction is in an Oregon Presentence Report, introduced into evidence at the sentencing hearing, which states that California "revocation proceedings are unlikely given Stallings's conviction in Federal Court."[FN2]

> FN2. The referenced federal court conviction is a 1995 conviction for Interstate Travel in Aid of a Crime of Racketeering

prosecuted in the United States District Court for the District of Oregon.

The final disposition of the California conviction resulted in Stallings receiving probation with the imposition of sentence suspended. Although probation revocation proceedings were commenced by the probation office, the California court neither revoked probation nor did it pronounce judgment. SeeCal.Penal Code § 1203.2(b); see also *922People v. Smith, 12 Cal.App.3d 621, 90 Cal.Rptr. 811, 814 (1970) ("It is equally clear that probation was revoked ... and a bench warrant was issued so that judgment and sentence could be imposed, imposition thereof having been suspended approximately three years earlier...."). If imposition of sentence was suspended, and probation was never revoked, then there is no judgment entered against the defendant. As explained in an early California Supreme Court case:

When judgment is not pronounced and further proceedings are suspended, there is no judgment against [the defendant]. His activities are limited only by the terms of the probationary order, under the supervision of the probation officer. Upon revocation of probation the defendant is entitled to a hearing and to be sentenced, before he can be committed to the appropriate institution.

Stephens v. Toomey, 51 Cal.2d 864, 338 P.2d 182, 187 (1959) (citation omitted); see also People v. Pennington, 213 Cal.App.3d 173, 261 Cal.Rptr. 476, 478 (1989) ("Where no sentence is imposed at the time probation is granted, a subsequent decision terminating probation requires that judgment be pronounced."(citing Cal.Penal Code § 1203.2, subd. (c))); United States v. Qualls, 108 F.3d 1019, 1023 (9th Cir.1997) ("There is no judgment pending against a probationer when the court withholds imposition of judgment and suspends further proceedings. Because the California court granted [the defendant] probation and suspended further proceedings, [the defendant] does not have a final or

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

pending judgment against him in California."(internal citations omitted)), *aff'd en banc,* 140 F.3d 824, *vacated and remanded,* 525 U.S. 957, 119 S.Ct. 398, 142 L.Ed.2d 323, *rev'd on other grounds,* 172 F.3d 1136.

[4] In *United States v. Robinson,* 967 F.2d 287 (9th Cir.1992), the Ninth Circuit concluded that under California law a probation order is not a "judgment" when the imposition of sentence is suspended. *See id.* at 293. The Ninth Circuit noted that California law provides: "[W]hen a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered." *Id.* (citing *People v. Arguello,* 59 Cal.2d 475, 30 Cal.Rptr. 333, 381 P.2d 5, 6 (1963)); *see also United States v. Haggerty,* 85 F.3d 403, 406 (8th Cir.1996) (citing *Robinson* for the proposition that a probation order is not a judgment). In Stallings's case, there was no judgment of conviction entered and the appropriate time for revoking his probation and entering judgment has lapsed. *See Cal.Penal Code* § 1203.3(a) ("The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence...."); *see also In re Perez,* 65 Cal.2d 224, 53 Cal.Rptr. 414, 418 P.2d 6, 11 (1966) ("If probation was timely revoked, judgment could be imposed at any time thereafter."); *Smith,* 90 Cal.Rptr. at 814 ("It is also settled that an order revoking probation, to be valid, must be made within the period fixed in the order of probation. If not revoked within that period, the probation terminates automatically on the last day."). Accordingly, no valid judgment has been entered against Stallings and, therefore, the enhanced sentence imposed in reliance upon the California conviction was improper.

## II.

[5][6] Stallings also contends the evidence was insufficient to support his conviction. We review sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government**923 the benefit of all reasonable inferences. *United States v. Calderin-Rodriguez,* 244 F.3d 977, 983 (8th Cir.2001). Under this standard, we find Stallings's contentions without merit. Witnesses testified that Stallings shipped cocaine through the mail and arranged for others to deliver crack on his behalf. The government also introduced wiretap evidence linking Stallings with admitted drug distributors and physical evidence including two scales, an Exacto knife, a razor, and a large amount of cash seized from a storage locker rented to Stallings. Stallings contends that the drug dealers testifying against him were motivated to reduce their sentences through cooperation with the government. Issues of witness credibility and bias, however, were resolved by the jury and we do not reconsider these issues on appeal. *Id.* at 988.

## III.

[7] Finally, Stallings contends that the sentencing disparity between crack cocaine and powder cocaine crimes violates the Due Process Clause. This argument has been repeatedly considered and rejected by this court. *See United States v. Johnson,* 108 F.3d 919, 922 (8th Cir.1997) (citing *United States v. Carter,* 91 F.3d 1196 (8th Cir.1996); *United States v. Smith,* 82 F.3d 241, 244 (8th Cir.1996), *cert. denied,* 519 U.S. 856, 117 S.Ct. 154, 136 L.Ed.2d 99 (1996)). Only the court en banc can overrule an earlier panel decision. *United States v. Riza,* 267 F.3d 757, 760 (8th Cir.2001).

Accordingly, we affirm the conviction, and remand for re-sentencing.

C.A.8 (Neb.),2002.
U.S. v. Stallings
301 F.3d 919

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

Stallings in connection with the California conviction, and, consequently, reliance on that conviction for purposes of 21 U.S.C. § 841(b)(1)(A)(viii) sentence enhancement was improper.[FN1]

> FN1. Stallings made a valid objection at sentencing to his California conviction. The grounds relied upon in this opinion to invalidate the sentence were raised through questioning by Judge McMillian at oral argument. The parties were then given the opportunity to file supplemental briefs on the issue of whether there was ever a judgment entered by the California courts. The court is now in receipt of the supplemental briefing on that issue.

At the sentencing hearing, the government introduced a number of exhibits in an attempt to prove up the California conviction. These exhibits show that the defendant was charged with felony possession for sale of cocaine base in violation of section 11351.5 of the Health and Safety Code of California. The defendant entered a plea of nolo contendere. He was sentenced to three years probation, subject to the serving of 78 days in the county jail, and ordered to pay restitution and court costs. The sentencing documents also show that "imposition of sentence was suspended." Subsequently, a revocation of probation proceeding was commenced in the Superior Court of California, County of Alameda. However, the record made at the sentencing hearing indicates no further action was taken on the California probation officer's revocation recommendation. The remaining reference to the California conviction is in an Oregon Presentence Report, introduced into evidence at the sentencing hearing, which states that California "revocation proceedings are unlikely given Stallings's conviction in Federal Court."[FN2]

> FN2. The referenced federal court conviction is a 1995 conviction for Interstate Travel in Aid of a Crime of Racketeering

prosecuted in the United States District Court for the District of Oregon.

The final disposition of the California conviction resulted in Stallings receiving probation with the imposition of sentence suspended. Although probation revocation proceedings were commenced by the probation office, the California court neither revoked probation nor did it pronounce judgment. *See* Cal.Penal Code § 1203.2(b); *see also* *922*People v. Smith, 12 Cal.App.3d 621, 90 Cal.Rptr. 811, 814 (1970) ("It is equally clear that probation was revoked ... and a bench warrant was issued so that judgment and sentence could be imposed, imposition thereof having been suspended approximately three years earlier...."). If imposition of sentence was suspended, and probation was never revoked, then there is no judgment entered against the defendant. As explained in an early California Supreme Court case:

> When judgment is not pronounced and further proceedings are suspended, there is no judgment against [the defendant]. His activities are limited only by the terms of the probationary order, under the supervision of the probation officer. Upon revocation of probation the defendant is entitled to a hearing and to be sentenced, before he can be committed to the appropriate institution.

*Stephens v. Toomey,* 51 Cal.2d 864, 338 P.2d 182, 187 (1959) (citation omitted); *see also People v. Pennington,* 213 Cal.App.3d 173, 261 Cal.Rptr. 476, 478 (1989) ("Where no sentence is imposed at the time probation is granted, a subsequent decision terminating probation requires that judgment be pronounced."(citing Cal.Penal Code § 1203.2, subd. (c))); *United States v. Qualls,* 108 F.3d 1019, 1023 (9th Cir.1997) ("There is no judgment pending against a probationer when the court withholds imposition of judgment and suspends further proceedings. Because the California court granted [the defendant] probation and suspended further proceedings, [the defendant] does not have a final or

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
**(Cite as: 301 F.3d 919)**

Page 5

pending judgment against him in California."(internal citations omitted)), *aff'd en banc,* 140 F.3d 824,*vacated and remanded,* 525 U.S. 957, 119 S.Ct. 398, 142 L.Ed.2d 323,*rev'd on other grounds,* 172 F.3d 1136.

[4] In *United States v. Robinson, 967 F.2d 287 (9th Cir.1992), the Ninth Circuit concluded that under California law a probation order is not a "judgment" when the imposition of sentence is suspended. See id. at 293.* The Ninth Circuit noted that California law provides: "[W]hen a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered." *Id.* (citing *People v. Arguello,* 59 Cal.2d 475, 30 Cal.Rptr. 333, 381 P.2d 5, 6 (1963)); *see also United States v. Haggerty,* 85 F.3d 403, 406 (8th Cir.1996) (citing *Robinson* for the proposition that a probation order is not a judgment). In Stallings's case, there was no judgment of conviction entered and the appropriate time for revoking his probation and entering judgment has lapsed. *See Cal.Penal Code* § 1203.3(a) ("The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence...."); *see also In re Perez,* 65 Cal.2d 224, 53 Cal.Rptr. 414, 418 P.2d 6, 11 (1966) ("If probation was timely revoked, judgment could be imposed at any time thereafter."); *Smith,* 90 Cal.Rptr. at 814 ("It is also settled that an order revoking probation, to be valid, must be made within the period fixed in the order of probation. If not revoked within that period, the probation terminates automatically on the last day."). Accordingly, no valid judgment has been entered against Stallings and, therefore, the enhanced sentence imposed in reliance upon the California conviction was improper.

II.

[5][6] Stallings also contends the evidence was insufficient to support his conviction. We review sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government*923 the benefit of all reasonable inferences. *United States v. Calderin-Rodriguez,* 244 F.3d 977, 983 (8th Cir.2001). Under this standard, we find Stallings's contentions without merit. Witnesses testified that Stallings shipped cocaine through the mail and arranged for others to deliver crack on his behalf. The government also introduced wiretap evidence linking Stallings with admitted drug distributors and physical evidence including two scales, an Exacto knife, a razor, and a large amount of cash seized from a storage locker rented to Stallings. Stallings contends that the drug dealers testifying against him were motivated to reduce their sentences through cooperation with the government. Issues of witness credibility and bias, however, were resolved by the jury and we do not reconsider these issues on appeal. *Id.* at 988.

III.

[7] Finally, Stallings contends that the sentencing disparity between crack cocaine and powder cocaine crimes violates the Due Process Clause. This argument has been repeatedly considered and rejected by this court. *See United States v. Johnson,* 108 F.3d 919, 922 (8th Cir.1997) (citing *United States v. Carter,* 91 F.3d 1196 (8th Cir.1996); *United States v. Smith,* 82 F.3d 241, 244 (8th Cir.1996), *cert. denied,* 519 U.S. 856, 117 S.Ct. 154, 136 L.Ed.2d 99 (1996)). Only the court en banc can overrule an earlier panel decision. *United States v. Riza,* 267 F.3d 757, 760 (8th Cir.2001).

Accordingly, we affirm the conviction, and remand for re-sentencing.

C.A.8 (Neb.),2002.
U.S. v. Stallings
301 F.3d 919

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

UNAPPREHENDED

EXHIBIT #2

# STATE JAIL

## TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

No. F95-7389O

BAIL STATUS:

| STATE OF TEXAS | ATTORNEYS | OFFENSE |
|---|---|---|
| MILTON VERAN WILLIAMS | | THEFT OF PROPERTY OF THE VALUE OF $1,500 OR MORE BUT LESS THAN $20,000, A STATE FELONY OFFENSE, AS CHARGED IN THE MA... |
| | | INDICTMENT |
| | CC: LOVIE JACKSON F95-73889 | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 5-31-95 | Arro - Scala Byers Appt. |
| 7-24-95 | Trial |
| 7-24-95 | Def Bill waives Jury to elect to trial |
| 7-24-95 | State Jail 1 year St Jail Confint for 3 yrs + $300. |